IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT MILLEDGEVILLE,

### NOVEMBER TERM, 1848.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

| 5 | 491 |
| 102 | 614 |

No. 57.—JOHN WALKER, plaintiff in error, *vs.* the State of GEORGIA, defendant.

[1.] An indictment for bastardy, under the 26th section of the Penal Code of this State, is sufficient, when it is alleged the defendant is the father of the bastard child, and refused to give security for the maintenance and education of such child, when required to do so *in terms of the law*, by the Justice of the Peace, before whom he was brought by virtue of a bastardy warrant.

[2.] When a bastardy warrant, issued by a Justice of the Peace, under the Statute of 1793, to arrest the defendant, recites that he has been charged, upon the examination of a single woman, on oath, with being the father of a bastard child, such warrant is admissible in evidence, on the trial of an indictment for bastardy, in the Superior Court, to prove the *arrest* of the defendant, and to show he was regularly brought before the Justice, although it is not specified in the warrant, that he is to be brought before the Justice, to *give security* for the maintenance and education of the child. When the defendant is brought before the Justice, by virtue of a bastardy warrant, the Statute enjoins it as a duty on the Justice, to require him to give security for the maintenance and education of the child, in terms of the law, and if he refuses, or fails, to give such security, then to recognise him to appear at the next Superior Court, to answer the charge.

Indictment for bastardy, in Wilkes Superior Court, tried before Judge SAYRE, March Term, 1848.

The plaintiff in error was put upon his trial in the Superior Court of Wilkes county, on an indictment for bastardy.

The indictment in its second count, (the first being stricken out on demurrer,) charged, "That the said John Walker was, on the 12th day of September, 1846, arrested by Edward R. Anderson, sheriff of said county of Wilkes, under and by virtue of a warrant, from under the hand and seal of Isaac A. McLendon, a Justice of the Peace for the said county of Wilkes, charged upon the oath of one Mary Ann Wheatley, of said county of Wilkes, charging the said John Walker with being the father of a bastard child, which was then and there likely to be born of her, the said Mary Ann Wheatley, and likely to be chargeable to said county of Wilkes; and the said John Walker, arrested as aforesaid, was brought before Isaac A. McLendon and Benjamin Smith, Justices of the Peace for said county of Wilkes, and then and there, to-wit: on the 14th day of September, in the year aforesaid, in said county of Wilkes, the said Justices, after due deliberation, ordered and adjudged, that the said John Walker should give bond and security for the education, support and maintenance of said child, so to be born as aforesaid, he, the said John Walker, being then and there, by the Justices aforesaid, required to give said bond and security, for the maintenance and education of said bastard child, in terms of the law, he, the said John Walker, being then and there, the father of said bastard child, and he, the said John Walker, then and there, to-wit: on the day and year last aforesaid, in said county of Wilkes, then and there refused to give said bond and security, and still refuses so to do, contrary, &c."

Counsel for defendant below, demurred to this count of the indictment, on the ground that there was no allegation that the Justices of the Peace had required of defendant, bond and security, for the maintenance and education of such bastard child, until fourteen years of age, and also for the expense of lying-in with such child, boarding, nursing, and maintenance, and no allegation that such requisition was refused by the defendant. The Court overruled the demurrer, to which defendant excepted.

On the trial, the warrant being offered in evidence, counsel for defendant objected to it, on the ground that it directs the defendant to be brought before the Justice, "to answer the said charge," when it should have been specifically, "to give security for the ed-

Walker *vs.* The State of Georgia.

ucation, maintenance, &c." which objection was overruled, and the warrant admitted, to which decision defendant excepted.

The counsel for defendant requested the Court to charge the jury, "that it being necessary to allege a bond was refused by defendant, to maintain and educate the child, until it was fourteen years of age, or to do the same things, 'in terms of the law,' the jury must be satisfied that such a bond was refused by defendant, and not a bond for education and maintenance, for any indefinite period, or else the prisoner must be acquitted."

The Court refused so to charge, but charged, "If the defendant was informed of the nature and character of the bond that the Justice of the Peace required, and it was in conformity with the law, and he refused to give such bond, he is guilty of such refusal in the law."

To which charge and refusal to charge, defendant excepted, upon which several exceptions, error has been here assigned.

G. ANDREWS, represented by A. J. MILLER, for plaintiff in error.

SOL. GEN. WEEMS, represented by T. R. R. COBB, for defendant.

*By the Court.*— WARNER, J. delivering the opinion.

[1.] The objection to the indictment by the defendant, is, that that there was no allegation that the Justices of the Peace required of him security for the maintenance and education of the bastard child, until fourteen years of age, and also, for the expense of lying in with such child, boarding, nursing, and maintenance, and no allegation that such requisition was refused by the defendant. By the 26th section of the 10th division of the Penal Code, it is declared, "If any putative father of a bastard child, or children, shall refuse, or fail, to give security for the maintenance and education of such child, or children, when required to do so in *terms of the law,* such putative father shall be indicted for a misdemeanor, and on conviction of the fact of being the father of such bastard child or children, and of his refusal, or failure, to give such security, he shall be punished by a fine," &c. *Prince's Dig.* 649. The indictment accuses the de-

fendant with being the father of the bastard child, and that he was required by the Justices of the Peace, to give security for the maintenance and education of said bastard child, *in terms of the law*, and that he *refused to do so.*

The offence is complete under the foregoing section of the Penal Code, when it is established that the defendant is the *father* of the bastard child, and refuses, or fails, to *give security* for the maintenance and education of such child, when required to do so, in terms of the law.    The Code, it will be perceived, is silent as it respects the expense of lying in with such child, boarding, nursing, and maintenance of the mother, while she is confined. Under the Penal Code, if the defendant is the *father* of the bastard child, and shall refuse, or fail, to give security for the *maintenance* and *education* of such child, when required to do so, *in terms of the law*, he may be indicted and punished.    The Act of 1793, is altered by the Penal Code, so far as respects the expense of the lying in of the mother, boarding, nursing, &c. being alleged in the indictment, and the offence is clearly made out against the defendant, by the Code of 1833, when it appears he is the *father* of the child, and refuses or fails to give security for the *maintenance* and *education* of such child, when required to do so in terms of the law, without alleging he was farther required to give security for the expense of lying-in with such child, boarding, nursing and maintenance of the mother during her confinement.

It is a sufficient answer to this objection raised by the defendant, that the Code of 1833 does not require any such averment, to constitute the offence of bastardy.    The offence, as alleged in the indictment, is, in the language of the Code, that the defendant was the *father* of the bastard child, and *refused to give security for the maintenance* and *education* of the child, when required to do so *in terms of the law.*    By the 1st section of the 14th division of the Penal Code of this State, it is declared, "Every indictment or accusation of the grand jury, shall be sufficiently technical and correct, which states the offence, in the terms and language of the Code, or so plainly, that the nature of the offence charged, may be easily understood by the jury."    *Prince*, 658.    The demurrer to the sufficiency of the indictment, was properly overruled by the Court below.    We will next examine the charge of the Court, to the jury.    The Court instructed the jury, that, "If

the defendant was informed of the nature and character of the bond that the Justices of the Peace required, and it was *in conformity with the law,* and he refused to give such bond, he is guilty of such refusal in the law." The charge of the Court must be understood with reference to the facts then before the Court, as exhibited by the record before us. The indictment alleges, the defendant was *required to give security* for the maintenance and education of the child in *terms of the law,* which he refused to do. What kind of a bond did the *terms of the law* require the defendant to give, for the maintenance and education of the child? By the Act of 1793, the defendant is to give security for the maintenance and education of the child, until he or she arrives at the age of fourteen years. *Prince,* 140. One of the Justices, before whom the defendant was brought by the warrant, testified that he read the bastardy law openly and aloud, before the defendant, several times, and that he refused to give bond for the maintenance of the child, and said he would give bond to appear at the Superior Court. Whether the Justice required the defendant to give security for the maintenance and education of the child in in terms of the law, was a question of fact for the jury to determine, under the charge of the Court; and the Court very properly submitted to them, what kind of security the Justice did require of the defendant, and they have found, that he required security for the maintenance and education of the child, until the age of fourteen years, for that is *such security as the law requires;* and the law was read to the defendant several times by the Justice, and he refused to give the security, preferring to give bond for his appearance at the Superior Court. We think the charge of the Court to the jury was right, with reference to the facts proved, and the verdict also.

[2.] On the trial of the cause, the warrant by which the defendant was arrested, and brought before the Justice, was read in evidence, and objected to by the defendant, on the ground, it did not specify in the warrant, that the defendant was required to give security for the maintenance and education of the child, &c. By the 1st section of the Act of 1793, any Justice of the Peace is authorised, either of his own knowledge, or on information on oath, of any free white woman, having a bastard child, or being pregnant with one, which it is probable will become chargeable to the county, to issue his warrant, and oblige the offender to be

Walker *vs.* The State of Georgia.

brought before him, to give security to the Inferior Court of the county, for the support and education of such child, until the age of fourteen years, or discover on oath the father of such bastard child; which being done, the said Justice shall, in like manner issue his warrant, to bring before him the person sworn to be the father of such child, who, on refusing to give security for the maintenance and education of such child, until he or she arrives at the age of fourteen years, &c. shall be bound over to appear at the next Superior Court, &c.

In this case, the woman disclosed on oath, that the defendant was the father of the child. The law enjoined it as a duty on the Justice to issue his warrant, and bring the defendant before him, and when so brought before him, to require the defendant to give security, in terms of the law. The warrant recites, that Mary Ann Wheatley, had charged the defendant with being the *father* of her bastard child, and directed the proper officer to arrest the defendant, and bring him before the Justice to answer said charge. The objection is, that the warrant does not require the officer to bring the defendant before the Justice, to give *security* for the maintenance and education of the child. When the defendant was brought before the Justice, by the warrant, the law pointed out his duty, and it was just as competent for the Justice, under the Statute, when the defendant was brought before him, to require him to give security for the maintenance and education of the child, as if it had been specified in the warrant. The warrant was properly received in evidence, to prove the arrest of the defendant, and that he was regularly brought before the Justice, and the evidence of the Justice establishes the fact, that after he was so arrested and brought before him, he, under the authority of the Statute, required him to give security for the maintenance and education of the child, in terms of the law, which he refused to do.

The legitimate object of the warrant, was to bring the defendant before the Justice, and when so brought before him, to execute the duty enjoined upon him by the law. The warrant shows the *arrest* of the defendant, on the charge of being the father of Mary Ann Wheatley's bastard child, and it was properly admitted in evidence to establish that fact, if no other.

Let the judgment of the Court below be affirmed.