## WEATHERS *vs* BARKSDALE.

1. If W. receives negroes of B. as a loan, and he subsequently sets up title to the property, the Statute does not begin to run in his favor until the fact of his adverse claim is made known to B.
2. The credit of a female witness may be impeached by. proving her to be a common prostitute; but not by showing a single act of bastardy—especially at a period sufficiently remote as to have been repented of by her, and forgiven by the community.

Complaint, in Talbot Superior Court. Tried before Judge WORRILL, at September Term, 1859.

This was an action of complaint, under the form of the Act of 1847, brought by Terrell Barksdale against Francis T. Weathers, for the recovery of seven negro slaves, Sylvia and her six children.

The jury found for the plaintiff, whereupon, counsel for defendant moved for a new trial on the following grounds:

1st. Because the Court erred in allowing the plaintiff to show by the testimony of John E. Barksdale that he, plaintiff, had not given any of said negroes to any of his children after the time of the conversation sworn to by Ligon, in which conversation Ligon swore that plaintiff said he intended to give off his negroes to his children, and let them raise them for themselves.

2d. Because the Court erred in not permitting defendant to prove by the witness John E. Barksdale, that Ann Davis, a witness for plaintiff, had had a bastard child—the Court allowing defendant to prove that she had borne a bastard child within the last two or three years, but not allowing the proof of such fact to impeach her testimony after a long period of time from the birth of such alleged child.

3d. Because the Court erred in charging the jury, that if they believed from the testimony that defendant, at any time before suit brought, claimed title to the slaves in controversy, that such claim amounted to a conversion, and they should so find. The Court not being requested to charge, that such claim would not amount to a conversion unless it appeared that plaintiff had notice of such claim of title.

4th. Because the verdict was contrary to the evidence and the weight of evidence.

5th. Because the verdict was contrary to law and the charge of the Court.

After argument, the Court below refused the motion for a new trial and counsel for defendant excepted.

Jas. M. Smith and A. G. Perryman, for the plaintiff in error.

Smith & Pou, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

This was a controversy between Barksdale, the father-in-law, and Weathers, the son-in-law, whether the latter took certain negroes from the former as a gift or a loan ? The jury found for the father-in-law, and the Judge who tried the cause refused to grant a new trial ; and it is to reverse this judgment that this writ of error is brought.

1. The first error complained of is, that the Court permit-the plaintive to prove by John E. Barksdale, that the plaintiff had not given any negroes to any of his children after a certain time.

Whatever may have been the object of the plaintiff in offering this proof, and it is not difficult to understand it—the witness did, in point of fact, prove that the plaintiff had done directly contrary to this, in giving off two negroes absolutely, after the period specified.

2. The next error assigned is, that the Court refused to allow the defendant to prove by John E. Barksdale, that Ann Davis, a witness for the plaintiff, had borne a bastard child, vith a view to impeach her credit.

Permission was given to the defendant's counsel to make this proof, provided the bastardy was of recent date, not otherwise. We think the Court went too far, instead of not going far enough, in allowing a single act of bastardy, however repented of by the unfortunate woman, and forgiven by the community, to be given in evidence, to destroy the credit of a female witness. We know of no rule of evidence to justify this. Formerly, a witness was impeached by showing their want of character for truth. The modern rule is, to discredit the witness by showing general bad character, or

of a woman, that she is a prostitute.    But that is not this case.    A single mistake of this sort may occur, without indicating total depravity, whatever the self-righteous Scribe and Pharisee may say to the contrary.

3. The next ground of exception is, the charge of the Court to the jury : That a claim of title to the negroes in dispute would not amount to a conversion by the defendant, so as to constitute a starting point for the Statute of Limitations, unless the fact was brought home to the knowledge of the plaintiff.    The plaintiff's case is, that he loaned the negroes to Weathers.    We do not see how the Statute could begin to run from a bare claim set up to the property by Weathers, which was unknown to Barksdale.

4. There is a conflict of testimony in the case.    If Miss Davis, and Barksdale, the son of the plaintiff, are to be believed, the case is fully made out.    On the other hand, the evidence for the defense is rather negative than otherwise. Witnesses, for instance, were present at the house of the plaintif when the negroes left, and heard nothing of a loan. We cannot say that the proof is not sufficient to justify the verdict.

5. The fifth ground is disposed of in what has already been said.