A. JACK DAVIS, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. The refusal of a new trial on the ground that the court overruled a demurrer and motion to quash an indictment, will not be reversed where the record does not show affirmatively that such demurrer and motion were made on arraignment, before pleading to the indictment, where the facts upon which such motion and demurrer were predicated, would not have authorized the arrest of the judgment.

2. That the defendant was acquitted on a former trial for fornication and adultery with the mother of the alleged bastard, is not a good plea of *autrefois acquit* to an indictment for bastardy.

3. A copy of the affidavit and warrant under which the defendant was arrested, established before the magistrate who took the affidavit and issued the warrant, the original having been lost, is admissible upon the trial for bastardy.    The magistrate had jurisdiction to establish the copy.

4. That defendant has a bastard child, which is likely to become chargeable to the county, and refuses to give bond for its maintenance, is sufficient to warrant a conviction for bastardy in the superior court of that county, irrespective of the place where it was begotten or born.

5. Where the defendant is charged to be the father of two bastard children, and is convicted upon that indictment, he can be punished as prescribed in §4564 of the Code.    Whilst it would have been the better practice to have indicted him for two distinct offenses, and

punished him, upon conviction, for each offense separately, yet the fact that he was charged with but one offense, in being the father of two bastard children, is no ground of acquittal.

6. The mother of the bastard child may make the affidavit necessary to authorize the warrant for the arrest of the putative father.

Criminal Law. Bastardy. Practice in the Supreme Court. Practice in the Superior Court. Evidence. Jurisdiction. Before Judge CLARK. Webster Superior Court. September Term, 1876.

Davis was indicted for bastardy; and on the trial was found guilty. He moved for a new trial on the following, among other, grounds:

1. Because the court overruled defendant's demurrer to the indictment and motion to quash it. [Neither the demurrer, nor the order overruling it, appears in the record; nor does it appear that said demurrer and motion were made before pleading to the indictment.—R.]

2. Because the court, on demurrer, struck the defendant's plea of *autrefois acquit*, in which he alleged that, upon an indictment for fornication and adultery with the mother of the alleged bastards, he had been acquitted.

3. Because the court allowed to be introduced in evidence, over defendant's objection, a copy of the warrant issued against him in this case, with the indorsement of its execution by the sheriff, and of defendant's commitment by the justice of the peace on failure to give bond for the maintenance of the children which were found to be his. This copy was established by the justice in lieu of the lost original. Defendant objected to its admission on two grounds: 1. That the justice had no jurisdiction to establish such copy. 2. Because it did not appear that any warrant had been issued to compel the mother to disclose the father of the children.

4. Because the court erred in overruling defendant's motion to quash the indictment, made after the state's evidence

had closed, on the ground that no jurisdiction was shown as to either or both of the children.

The motion was overruled, and defendant excepted.

The other facts will be found in the decision.

GUERRY & SON; J. H. GUERRY, for plaintiff in error.

C. F. CRISP, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "bastardy," in the county of Webster, and upon his trial therefor, was found guilty. The defendant made a motion for a new trial on various grounds, which were overruled by the court, and the defendant excepted. The defendant was charged in the indictment with being the father of two bastard children, one born, and the other to be born, on the oath of Margaret Haney, the mother, the one already chargeable, and the other likely to be chargeable, to the county of Webster, and that the defendant was arrested by a warrant issued by a justice of the peace, and brought before him, and required to give bond and security for the maintenance and education of said bastard children in terms of the law, which the said defendant then and there refused to do.

1. It appears from the record and bill of exceptions, that the defendant demurred to the indictment, and moved the court to quash the same, which was overruled. Whether the demurrer and motion to quash the indictment were made on the arraignment of the defendant and before pleading to the same, is not affirmatively shown by the record, and the objections to the indictment would not have been good in arrest of judgment, even if the same would. have been good by way of special demurrer, on arraignment of the defendant.

2. The demurrer to the plea of *autrefois acquit*, offered in evidence by the defendant, was properly sustained by the court, inasmuch as that plea showed that the defendant had

only been acquitted of the offense of adultery and fornication with Margaret Haney, whereas the offense charged in the present indictment, is the refusal of the defendant to give bond and security for the maintenance of his alleged bastard children, as required of him by law.

3. There was no error in admitting in evidence the copy affidavit and warrant established before the justice, he having had the authority to establish the same in lieu of the lost originals.   Code, §3989.

4. The evidence shows that one of the children was begotten in Webster county and born in Terrell county, and that the other child was begotten in Terrell county and born in Webster county.   The evidence further shows, that the domicil of the mother of the bastard children was in Webster county, and that the defendant removed her about from one place to another to prevent exposure, he being a married man, with a family of children.   The question in the case was, not where the children were begotten, nor where they were born, but the question was, were the children bastards and likely to become chargeable to Webster county, and was the defendant the father of them, and did he refuse to give bond and security for their maintenance and support, as required by law, in the county of Webster, when legally required to do so?   There was no error in the charge of the court as to the question of jurisdiction.

5. The defendant might have been indicted separately as the father of each bastard child, and punished for each separate offense, and we think that would have been the better course; but he was indicted for the offense of bastardy, and charged with being the father of two bastard children and refusing to give bond and security for their maintenance and support, and if, upon the trial, he had been found guilty of being the father of only one of the children, he might have been punished as provided by the 4564th section of the Code, and as he was found guilty of being the father of both, he can only be punished in the same manner as if he had been found to have been the father of one only, for the

reason that he was charged with but one offense, to-wit: bastardy, as being the father of two bastard children, and refusing to give bond and security to maintain and support them. The defendant having refused to give bond and security for the maintenance and support of both children, if he was the father of either, he might have been found guilty of the offense of bastardy under the statute, and if he was the father of both, or either, as the jury found that he was, then he was also guilty of the offense of bastardy under the statute, and there was no substantial error in the charge of the court of which the defendant has any right to complain. If the defendant was the father of one, or two bastard children, likely to become chargeable to the county of Webster, and he refused to give bond and security for the maintenance and support of them, or either of them, when legally required to do so, then he was guilty of the offense of bastardy.

6. In the case of *Walker vs. The State*, 5 *Ga. Rep.*, 491, the affidavit for the warrant was made before the justice by the mother of the bastard child against the putative father, and such has been the uniform practice in this state, so far as we know or believe, that is to say, to allow the mother of the bastard child voluntarily to go before the justice of the peace and disclose on oath who is the father of her bastard child, likely to become chargeable to the county, and for him to issue his warrant for the arrest of the putative father upon that information, as was done in the case now before us. Although there may have been some errors and irregularities on the trial of the case, yet, under the evidence, and the substantial requirements of the law applicable thereto, the verdict is right and ought not to be disturbed, and as the presiding judge, before whom the case was tried, was satisfied with it, so are we.

Let the judgment of the court below be affirmed.

BLECKLEY, Judge, concurred *dubitante.*