## YORK *vs.* THE STATE OF GEORGIA.

1. Two things are necessary to make up the statutory offence of bas-tardy : that the defendant is the father of the bastard, and that he has refused to give bond for its maintenance and support when re-quired in terms of the law.
2. Where a warrant was issued against the putative father of a bastard, and before the justice he waived a preliminary hearing and gave bond to appear at the next superior court, which was allowed by the justice, such facts, without more, did not amount to a demand and refusal to give bond for the maintenance and support of the bastard.
3. If such demand and refusal in fact occurred, the defendant cannot relieve himself by offering to give bond in the superior court.
(*a.*) Has any magistrate except a justice of the peace authority to take such a bond ? *Quære.*

Criminal Law. Charge of Court. Before Judge WELL-BORN. White Superior Court. October Term, 1881.

Reported in the decision.

M. G. Boyd; A. F. Underwood & Son; J. J. Kimsey, by Harrison & Peeples, for plaintiff in error.

W. S. Erwin, solicitor general, by F. L. Haralson, for the state.

Crawford, Justice.

William V. York was indicted under the bastardy act, and upon his trial before the superior court was found guilty. He moved for a new trial upon the several grounds set out in his motion, but the same was refused, and he assigns said refusal as error.

The controlling question in the case arises upon the view taken by the court below of the law, as to the manner in which the defendant made himself liable to indictment and punishment. It appears that the defendant, when arrested and carried before the justice of the peace waived examination, and entered into bond to appear and answer the charge before the superior court. What else, if anything, transpired before the justice at the time does not appear.

Upon the trial in the superior court, the judge charged the jury that, " When a warrant is issued directing the arrest of any person charged with being the putative father of a bastard child, predicated upon a proper affidavit, and the person is arrested by a proper officer by virtue of such warrant, the warrant in itself is a demand for security to the county against loss on account of said bastard child, and the demand is upon the person charged in the warrant." The warrant was for arrest and appearance before the justice of the peace to answer the charge, it had no other force or effect, and to have given it more was error. It was in no sense a demand upon the defendant for security; the matter of demand for security and the refusal to give it was for the judgment of the justice at the inquiry.

As has been held several times by this court, two things

only are necessary to be established to complete this offence, one is that the defendant is the father of the bastard child, and the other that he refuses or fails to give the bond for the support and maintenance of the child when required to do so in terms of the law.

This case therefore must be remanded for a new trial, and upon which to warrant a conviction, sufficient testimony should be produced to show that the defendant refused or failed to give the bond and security when brought before the justice of the peace and required to do so in terms of the law. It is wholly immaterial for what reason he may have failed or refused to give it, but it must appear that he did so fail or refuse to give it, before he can be found guilty of the offence charged. And this, because the offence is not complete without such refusal, and when complete nothing short of punishment can be a satisfaction.

Neither can the defendant on the trial in the superior court escape it, by then offering to give the bond. Indeed it was doubted by Justice Benning whether under any circumstances any magistrate but a justice of the peace has the authority to take a bond of this kind. 23 *Ga.*, 230-34.

We are not to be understood as holding, that the refusal to give a bond can be proved only by the refusal in so many words, but by what transpired at the time of the inquiry before the justice, if the same is sufficient to satisfy the jury of such refusal or failure, when required by the justice in terms of the law to do so. This being one of the necessary facts which must exist to establish the guilt of the accused, it is a question for the jury and not for the court. His power touching facts goes to the extent only of determining whether the verdict is based on sufficient evidence to support it.

Judgment reversed.