## PARSONS v. THE STATE.

1. Where a man was arrested on a warrant for bastardy and brought before a magistrate, who after a preliminary hearing made and signed an entry upon the warrant in these words: "After hearing evidence and argument, defendant required to give bond in conformity with statute," this of itself, and without more, was a sufficient requirement of the accused to give bond for the maintenance and education of the child; and if he did not thereupon give such bond, the magistrate was warranted in making out a commitment reciting that the accused had failed "to give bond as required by law for the support of the child," etc., and directing his imprisonment in jail in default of a bond for his appearance at the trial court to answer the charge of bastardy.

2. The accused in such case was bound to take notice of and act upon the requirement made of him as recited in the above quoted entry; and upon the trial of an indictment subsequently returned against him for the offense of bastardy, there was no error in refusing to allow him to prove that no such entry was made by the magistrate at the time of the commitment trial, nor in refusing to allow him to prove that, if it was in fact made, no demand was afterwards made upon him to give a bond for the support of the child, that he had no notice of the action taken by the magistrate, and that his attention was not called to the same.

3. Under the facts of this case, the charges complained of, if erroneous at all, were harmless to the accused. The evidence warranted the verdict, and the court was right in refusing to grant a new trial.

April 8, 1895.

Accusation of bastardy.    Before Judge Westmoreland. Criminal court of Atlanta.    March term, 1895.

*C. D. Maddox,* for plaintiff in error.

*L. W. Thomas, solicitor,* contra.

SIMMONS, Chief Justice.

Parsons was tried in the criminal court of Atlanta upon an accusation charging him with the offense of bastardy, and was found guilty. He made a motion for a new trial, which was overruled, and he excepted.

1. The justice of the peace, before whom the preliminary hearing was had, made entries upon the warrant as follows: "After hearing evidence and argument, defendant required to give bond in conformity with statute. This July 26th, 1894. Edgar H. Orr, J. P." "The defendant failing to give bond as required by law, for the support of the child, lying-in, etc., it is ordered that he do give bond in the sum of two hundred and fifty dollars, for his appearance at the criminal court of Atlanta, to answer to the charge of bastardy, or in default thereof, be committed to jail. This July 26th, 1894. Edgar H. Orr, J. P." These entries were introduced in evidence; and the court charged the jury, that "the judgment of the magistrate used in evidence, that the accused was required to give such bond and failed to do so, is sufficient evidence on that branch of the case." This was alleged to be error, "because the judgment of the magistrate used in evidence did not authorize it, and because the judgment of the magistrate nowhere orders the defendant to give bond for any particular purpose, and does not find that he was required to give such bond, that is, for the maintenance and education of the child, and does not specify what the bond was to be given for, and does not

specify what statute the bond was to be given in conformity with." It is true the judgment first entered does not state in so many words for what purpose the bond is to be given, but it does state that it is required to be given in conformity with the statute; and the only statute to which this could have reference is that embodied in section 4762 of the code, under which the warrant for the arrest of the accused was issued and the preliminary hearing had before the magistrate, and which statute provides that the offender shall give security to the ordinary of the county in the sum of seven hundred and fifty dollars for the support and education of the child, etc. The accused must therefore have known what kind of bond was required of him by this judgment; and upon his failure to give bond as required, the magistrate was warranted in making out a commitment reciting such failure and directing the imprisonment of the accused in jail in default of bond for his appearance at the trial court to answer the charge of bastardy.

2. The accused offered to show by parol testimony that no such judgments as those introduced in evidence were in fact rendered; also, that no demand was made upon him to give bond for the support of the child or for any other purpose, and that he did not until the trial then in progress have any notice or knowledge that such judgments had been entered. The court declined to admit the testimony, and this is assigned as error.

No rule of law is better settled than the rule that the record of a court of competent jurisdiction imports absolute verity as to the proceedings which it sets forth as having taken place, and cannot be contradicted by parol proof collaterally. The judgment entered by the court is conclusive evidence that such a judgment was actually rendered as therein stated. The court in this case therefore did not err in excluding the testimony offered to impeach the entries of the magistrate. 1 Greenleaf, Evidence, (15 ed.) §588; 2 Adol. & Ellis, 618, 633, 42 E. C. L. 835; 2 Gray, 115; 11

Allen, 31; 22 Ill. 100; VanFleet, Collateral Attack, §520. The rendition of the judgment requiring the accused to give bond for the support of the child, etc., was sufficient, without further notice or demand, to require him to give such bond.

3. If any of the charges complained of were erroneous, the error was not material, under the facts of the case; the evidence warranted the verdict, and the court did not err in refusing a new trial.        *Judgment affirmed.*