## McCALMAN v. THE STATE.

1. The demurrer to the indictment was properly overruled.
2. Upon a trial under an indictment charging the accused with the offense of bastardy, evidence that he had previously been tried under an indictment charging him with the seduction of the mother of the bastard child, and found guilty of the offense of fornication, was irrelevant and inadmissible.
3. Where the magistrate who presided at the preliminary hearing of a bastardy proceeding signed entries made on the warrant, to the effect that, after evidence heard, the accused was required to give the bastardy bond, in terms of the law, and that, having failed and refused to do so, he was recognized in a given sum to the superior court, such entries were admissible as original evidence on the subsequent trial of the accused under an indictment for bastardy founded upon such bastardy proceedings.
4. The court did not err in instructing the jury that the warrant and the

entries thereon were in absolute compliance with the statute in such cases provided.

5. Testimony of a witness that the bastard child resembled the accused was inadmissible. (CANDLER, J., dissenting.)

6. Testimony of the mother of the child that after she became pregnant she sent word to the accused to come and marry her, as he had agreed to do, and of her father that he carried such message to the accused, was irrelevant and inadmissible.

7. When in a motion for a new trial error is assigned upon the exclusion of evidence offered to impeach a witness by proof of contradictory statements previously made, it should appear from the motion itself that the proper foundation for the introduction of such evidence was laid.

Submitted November 21, — Decided December 21, 1904.

Indictment for bastardy.    Before Judge Hodnett.    City court of Carrollton.    September 5, 1904.

*Griffith & Weatherly,* for plaintiff in error.    *S. Holderness, solicitor, R. D. Jackson, James Beall,* and *H. A. Hall,* contra.

FISH, P. J.    Felix E. McCalman was indicted for the offense of bastardy.    The indictment, so far as material here, was as follows: "For that the said Felix E. McCalman on the 23rd day of September, 1903, in the county aforesaid being the father of a bastard child borned to S. E. Chance, and upon a lawful warrant sued out in said case in said county before W. B. Chandler, a justice of the peace in and for said county, charging him, the said Felix E. Mc-Calman, with the offense of bastardy and upon the trial of said warrant before said W. B. Chandler, justice of the peace in said county, and having been required in terms of the law by said W. B. Chandler, justice of the peace aforesaid, to give a bond with good and sufficient security in the sum of seven hundred and fifty dollars, payable to S. J. Brown, ordinary of said county, to be used in the support, maintenance, and education of the child until it arrives at the age of fourteen years, and also the expense of lying in with said child, boarding, nursing, and maintenance while the mother is confined by reason thereof, did fail and refuse, contrary to the laws of said State, the good order, peace, and dignity thereof."    Sarah E. Chance, the mother of the child, was the prosecutrix.    The indictment was demurred to upon the following grounds: that it alleged no offense against the accused; did not allege when a bastard child was born to the prosecutrix; did not set out the age of the child, nor allege whether it was over or under the age of fourteen years on September 23, 1903, or at the

time when the indictment was found; did not allege that the. accused was the father of a bastard child born to the prosecutrix, nor that the accused was the father of a bastard child at the time the indictment was found; did not allege that the accused was required to give bond in terms of the law, nor what or whose child the accused was required to give bond to support, etc.; did not allege that the child for whose support, etc., the bond was. required was a bastard; did not allege that the accused was required to give bond for the support, etc., "of any certain specified child;" did not allege for whose or what child the bond for lying-in etc. expenses was required, nor who the mother was that was confined, or was to be confined; and because the indictment alleged that the bond was required for lying-in expenses, though it. appeared that the child was already born; and because it alleged "'a lawful warrant sued out in said case,' without alleging what case [was] referred to." The demurrer was overruled, and the accused excepted pendente lite. The trial resulted in a verdict of guilty. The accused moved for a new trial, which was refused, and he excepted, assigning error upon the overruling of such motion and also upon his exceptions pendente lite.

1. There was no merit in any of the grounds of the demurrer. We deem it unnecessary to deal specifically with any of these grounds. Suffice it to say that the indictment not only stated the offense charged in the terms and language of the Penal Code, and so plainly that the nature of the offense could be easily understood by the jury, but set out all the averments of fact essential to constitute the offense with sufficient particularity to enable the accused to make his defense.

2. The indictment for bastardy was found at the October term, 1903, of Carroll superior court. It charged that the accused refused to give the bond required by the statute, September 23, 1903, and that he was then the father of the bastard child. It did not allege when the child was begotten. The court, over the objection of the accused, permitted the State to put in evidence an indictment, found at the April term, 1901, of said court, charging the accused with having seduced the prosecutrix on July 22, 1900, with a verdict thereon, rendered in the superior court of the county, finding him guilty of fornication. It does not appear from the record when the verdict was rendered. The objection

urged to the admissibility of this evidence was, that it was irrelevant and immaterial. The objection was well taken, and the evidence should have been excluded. The verdict that the accused was guilty of the offense of fornication with the prosecutrix fixed no particular time when the offense was committed; as the jury that tried that case might have found the accused guilty of fornication, upon evidence showing that he committed the offense with the prosecutrix at any time within the statute of limitations prior to the finding of that indictment. And there was nothing to show that the child referred to in the bastardy proceedings was the result of the fornication for which the accused was found guilty. This being true, such indictment and the verdict thereon could throw no light whatever upon the issues in the bastardy case. In *Davis* v. *State,* 58 *Ga.* 170, it was held: "That the defendant was acquitted on a former trial for fornication and adultery with the mother of the alleged bastard is not a good plea of autrefois acquit to an indictment for bastardy." If in such a case the accused could not put in a verdict of acquittal, for the purpose of showing that he had not had sexual intercourse with the mother of the alleged bastard, then of course the State should not be allowed to put in a verdict of guilty, under such circumstances, to show that the accused had had sexual intercourse with the mother.

3. The court admitted in evidence, over the objection of the accused, a warrant sworn out by the prosecutrix, charging him with bastardy, together with the entries thereon, signed by the magistrate before whom the preliminary investigation was had. These entries were as follows: "After hearing the evidence in the above-stated case, the said Felix E. McCalman is hereby required to give a bond with good and sufficient security in the sum of $750.00, payable to S. J. Brown, ordinary of said county, to be used in the support, maintenance, and education of the child until it arrives at the age of fourteen years, and also the expense of lying in with said child, boarding, nursing, and maintenance while the mother is confined by reason thereof." "The said Felix E. McCalman refusing and failing to give the security required in the above judgment, as provided by law in such cases, it is hereby ordered that he, the said Felix E. McCalman, give a bond with security in the sum of $200.00, for his appearance at the

October term, 1903, of Carroll superior court to answer whatever charges the grand jury of said county may prefer against him for the failure to make said bond or give said security." It appears that several objections were made to the admissibility of this evidence, but the only one referred to in the brief of counsel for the plaintiff in error is that the entries on the warrant were not the highest and best evidence that the magistrate required the accused to give a bastardy bond, and that he was recognized to the superior court, the contention of counsel being that the judgment on the docket of the magistrate should have been offered in evidence. We presume the other objections made to the admissibility of this evidence were abandoned in view of the rulings made in *Parsons* v. *State*, 97 *Ga.* 73. We do not think that the objection insisted on here was meritorious. Penal Code, § 293, provides: "Justices, and notaries public who are ex-officio justices of the peace, shall keep separate dockets of all civil and criminal causes disposed of by them, which dockets shall show : 1. The actual disposition of each case. 2. An itemized bill of costs charged or collected, and from whom collected. 3. For what officer and service each item is charged. The justices and notaries public shall lay their dockets before the grand juries of their respective counties on the first day of each term of the superior court, for inspection." It has been several times held that the proper method of proving that a particular judgment was rendered by a justice of the peace in a civil case is the introduction of the justice's docket, with the judgment entered thereon. *Scott* v. *Bedell*, 108 *Ga.* 205. The proceeding before a justice of the peace, when a warrant has been issued by him against one sworn to be the father of a bastard child, requiring that such person be brought before him, that he may determine, upon an investigation of the matter, whether such person shall be required to give the bond prescribed by the statute in such cases, and to recognize such party to the superior court in the event a bond should be required and there should be a failure and refusal to give it, is in the nature of a criminal proceeding. Upon the hearing in such a proceeding the justice of the peace acts as a court of inquiry. *Hyden* v. *State*, 40 *Ga.* 476. Upon the hearing before a court of inquiry, if the evidence, in the opinion of the officer holding such court, is sufficient to authorize the binding over

of the accused to the superior court, it is the duty of such officer to make out a commitment, which shall be delivered to the officer in whose custody the prisoner is placed, to be delivered, with the prisoner, to the jailer; and the memorandum of the commitment shall be entered on the warrant, and the warrant and all other papers in the case shall be forwarded to the clerk of the superior court, or other court having jurisdiction of the crime, to be delivered to the solicitor-general.        Penal Code, § 924.        The entries made on the warrant in this case, requiring the accused to give the bastardy bond, and, in default thereof, recognizing him to the superior court, were in the nature of a commitment, or at least memoranda of the action of the magistrate in the case, and were made that the solicitor-general, when the warrant should be placed in his hands, should have evidence of the action of the magistrate in the proceedings before him.        In *Parsons* v. *State*, 97 *Ga.* 73, an entry on a warrant for bastardy, reciting that the accused had failed to give the bond as required by law, and directing that he be imprisoned in jail, in default of his appearance at the trial court to answer to the charge of bastardy, was treated as a commitment, and it was held that the accused was bound to take notice of and act upon the requirement made of him, as recited in such entry.

4. One ground of the motion for a new trial alleges that the court erred in instructing the jury as follows: "The State has introduced in evidence a warrant taken out before W. B. Chandler, justice of the peace, with all the entries thereon; this warrant and the proceedings thereon are substantially in accordance with the statutes in such cases made and provided.        The assignment of error on this charge was that it contained an expression of opinion by the court to the jury as to what had been proved in the case.        This exception was not meritorious.        The court merely instructed the jury that the papers were substantially as the law requires.

5. During the argument of counsel for the State, the accused, by his counsel, moved to rule out the testimony of the prosecutrix, that the bastard child of which the accused was alleged to be the father was just like him, upon the ground that it was irrelevant and inadmissible.        The court overruled this motion. A motion to rule out is not too late, if made before the case is

finally submitted to the jury.  *Blount* v. *Beall*, 95 *Ga.* 182.  In a bastardy case, the testimony of a witness that the child looks like, or resembles in appearance, the person charged to be its father is not admissible.  Eddy *v.* Gray, 4 Allen (Mass.), 435; Keniston *v.* Rowe, 16 Me. 38; United States *v.* Collins, 1 Cranch (C. C.), 592; Jones *v.* Jones, 45 Md. 144; Shorten *v.* Judd, 56 Kan. 43 (4); 2 Enc. of Ev. 253; 5 Cyc. 663.  See Hanawalt *v.* State, 64 Wis. 84, where in a well-considered opinion the cases on the subject are collocated and considered.

6. The prosecutrix testified:  "He [the accused] told me that if I would let him have sexual intercourse with me, that if he hurt me to just send him word and he would come immediately and get me, and I sent him word, and he did not do it."  The accused objected to her testifying, "I sent him word, and he did not do it."  The father of the prosecutrix was permitted to testify that when he ascertained that his daughter was pregnant, he carried word to the accused of the fact, and stated to him that she wanted him to come and marry her, as he had agreed to do. The accused objected to this testimony of the prosecutrix and to this testimony of her father, upon the ground it was irrelevant and immaterial.  We think the objections well taken, and the evidence should have been excluded.

7. Complaint was made, in the motion for a new trial, of the refusal of the court to admit in evidence specified extracts from the stenographer's report of the testimony of the prosecutrix given upon the trial of the accused for seduction.  The purpose for which this evidence was offered was stated to be the impeachment of the prosecutrix, who had testified in the present case. In this connection, a witness for the accused testified, "that he heard the testimony of the prosecutrix on the trial of the seduction case, and that the report offered was her correct testimony on the trial of said case, and that on the trial of the bastardy case at a former trial when a mistrial was had,  . . the prosecutrix admitted that said part of said record was her testimony on the trial of the seduction case; that she admitted that she testified on the trial of the seduction case as set out in said record and that the record prepared by the stenographer was a correct record."  The testimony given by the prosecutrix in the trial now under review, which was claimed to be in conflict with what pur-

ported to be her testimony set out in the stenographer's report offered in evidence was set out in the motion for a new trial. It nowhere appeared in the motion, however, that the proper foundation was laid for the impeachment of the prosecutrix in this manner, by reading or submitting to the prosecutrix the extract from the stenographer's report, and then asking her if she did not testify, on the trial of the seduction case, as set out in such extract. Without such foundation having been laid, the evidence was inadmissible; and for this reason, if for no other, this ground of the motion for a new trial was without merit. *Taylor* v. *Morgan*, 61 *Ga.* 46; *Smith* v. *Page*, 72 *Ga.* 539; *Georgia Railroad & Banking Co.* v. *Smith*, 85 *Ga.* 530. This court will not search through the brief of evidence contained in the record to ascertain whether or not the proper foundation was laid for the introduction of impeaching evidence; it should appear in the ground of the motion complaining of the exclusion of the evidence offered to impeach the witness.

*Judgment reversed. All the Justices concur.*

CANDLER, J., specially concurring. I concur in the judgment of reversal, but not in all the reasoning by which that conclusion is reached in the opinion delivered by the Presiding Justice. In my opinion, evidence that a bastard child resembles in appearance the person charged to be its father is admissible where the points of resemblance are pointed out, and should be submitted to the jury for what it is worth. Often it may be of little probative value; but that is a matter for the jury, and not the court. It is a circumstance; and I am at a loss to understand in what respect it differs from any other circumstantial evidence. A man may have strongly marked physical characteristics, and the fact that a child of which he is alleged to be the father has those same characteristics may be very high evidence of his guilt of the charge of bastardy. At all events, courts can not say as a matter of law that it proves nothing. A jury has as much right to say whether a red-headed, blue-eyed, hook-nosed baby is the child of a man with those same features as it has to establish the identity of a man charged with murder by means of his physical characteristics. See 1 Gr. Ev. § 14 (S).