### 4546. WATTS *v.* THE STATE.

Where bastardy proceedings are taken against the putative father of a bastard child, it is the uniform practice in this State for the mother to make, before a justice of the peace, the affidavit for the warrant against the putative father. When the putative father is arrested on such a warrant and brought before the magistrate, and the magistrate demands of him the statutory bond, and he refuses to give it, it is the

duty of the magistrate to commit him for trial. It is not necessary for the justice who issued the warrant, and who made the demand of the putative father for the bond, to make an entry on the warrant that he has demanded the bond of the defendant and that the defendant has refused to give it. Although the better practice would be to enter a formal judgment of committal, reciting these facts, they may be shown by parol evidence of the magistrate, on the trial of the putative father in the superior court for refusing to give the statutory bond.

DECIDED FEBRUARY 18, 1913.

Certiorari; from Greene superior court—Judge Walker. October 19, 1912.

*Noel P. Park,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general, James Davison, solicitor,* contra.

HILL, C. J. This was a prosecution for the offense of bastardy, under section 1332 of the Penal Code (1910). The proceedings took place in the county court; and, after conviction, the superior court, on certiorari, affirmed the judgment of the lower court. It was complained, in the petition for certiorari, that the preliminary proceedings taken before the committing magistrate were not in compliance with the Penal Code (1910), §§ 1330, 1331; that these sections require that the mother of the bastard child shall be brought before the justice, and if she discovers, under oath, the father, the justice shall then issue a warrant requiring that the person thus sworn to be the father of the child shall be brought before him; that in this case this was not done, but that in the first instance the mother of the child went before the justice, and did not swear who was the father of the child, but swore only that the defendant had committed the offense of bastardy; the affidavit not even declaring the year in which the offense was committed; and upon this affidavit a warrant was issued for the arrest of the defendant. It is insisted that upon these proceedings the justice was not authorized to make the demand for a bond; that the statute contemplated that the woman should discover on oath the father of the child preceding, and not subsequent to, the issuance of the warrant for his arrest; that it is neither for the woman nor the justice of the peace to say that the defendant has committed the offense of bastardy, but that the statute requires that the defendant shall answer by his bond such complaint as is proper, the same to be preferred by the solicitor-general (Penal Code, § 1332).

In other words, it is contended that before any steps can be taken for the arrest of the putative father, and for the exaction of a bond from him to support the child, there must be a warrant issued for the mother, requiring her to be brought before the justice; that there is no provision of law for the voluntary act of the mother in going in the first place before the magistrate of her own motion; that she must be brought before the magistrate by the officer to whom the warrant is directed.

The only question in this case arises out of the manner in which the defendant was called upon to give the bastardy bond. The proceedings were not under section 1330 of the Penal Code, supra. This section applies to proceedings against the mother of a bastard child, requiring her to be brought before the magistrate to give bond for the support and maintenance of the child. In the present case no bond was required of the woman, because she went before the magistrate and made the affidavit for the arrest of the defendant, charging him with the offense of bastardy, and on this affidavit a warrant was issued by the justice for the father, who was arrested and brought before the magistrate, where he refused to give the bond, and was thereupon bound over to the superior court by the magistrate, in pursuance of the statute. No formal judgment of the magistrate is necessary; although the better practice would be to enter a formal judgment of committal, reciting the demand for bond and the refusal to give it. The warrant for the defendant, and parol proof that the justice demanded the statutory bond for the support and maintenance of the child, and the defendant's refusal to give the bond, authorized the magistrate to commit the defendant for the offense of bastardy. See *Walker* v. *State,* 5 *Ga.* 491. It was not necessary for the mother to be brought before the magistrate, for the proceedings were against the father, and the uniform practice in such cases in this State has been for the mother to make the affidavit giving the name of the putative father. *Davis* v. *State,* 58 *Ga.* 174.

It was immaterial that the affidavit made by the mother in the present case failed to give the date when the offense was committed. It was only material that the affidavit be made by her that the person named was the father of her bastard child. The offense of the father is not that of being the father of a bastard child, but the statutory offense of bastardy, which is prima facie

shown by the refusal of the putative father, when brought before the justice to give the required bond for the maintenance and education of the child, and, where the child has not been born, the expense of lying-in, boarding, nursing, and maintenance, while the mother is confined; and if the putative father shall fail to give such security, when required to do so by the magistrate, the justice shall bind him over to appear before the next superior or county court to answer such complaint as may then and there be lodged against him. The only evidence of his guilt that is necessary is that he failed and refused to give the statutory bond when required to do so by the magistrate, and the further proof that he is the father of the bastard child. The magistrate's oral evidence establishing these facts on the trial of the defendant in the superior or county court would be sufficient. The proceedings before the magistrate were substantially regular, and there is no merit in any of the assignments of error; and the judge of the superior court properly overruled the certiorari.        *Judgment affirmed.*