### 6009.  RUDULPH v. THE STATE.

WADE, J.   1. A bill of exceptions which recites that a certain cause was
tried "at the August term, 1914, of the city court of St. Marys," before
a person named who was actually at that time judge of the city court
of St. Marys in Camden county, Georgia, and who signed as "judge of
the city court of St. Marys" the statutory certificate, reciting that the
"foregoing bill of exceptions is true," etc., and directing "the clerk of
the city court of St. Marys" to certify and send up the record in the
case to the Court of Appeals of Georgia, and whose certificate to the
bill of exceptions is headed "Georgia, Camden county," will not be dis-
missed merely because the bill of exceptions itself is headed "Georgia,
Chatham county."

2. Instruction from the Supreme Court will not be sought upon a question
which has already been settled by adjudications of that court.

3. In contemplation of law a witness is never successfully impeached until
a mental conviction that he is unworthy of credit is produced upon the
mind of the jury by competent proof (*Powell* v. *State*, 101 *Ga.* 9 (5),
19, 29 S. E. 39, 65 Am. St. R. 277) ; and the jury may believe a witness
notwithstanding any effort which has been made to impeach him, or any
testimony offered for that purpose, and even though he be not corrobo-
rated.   *Solomon* v. *State*, 10 *Ga. App.* 469 (3) (73 S. E. 623).   See also
*Rice* v. *Eatonton*, 15 *Ga. App.* 505 (83 S. E. 868).

4. Though it must appear in a bastardy case that the defendant has re-
fused or failed to give security for the maintenance, etc., of the child
(Penal Code, §§ 682, 683, 1332), before he can be found guilty, it is
wholly immaterial for what reason he refused or failed to give the
bond.   *York* v. *State*, 68 *Ga.* 551.   The court therefore did not err in
refusing a request to charge the jury that if the defendant was unable
to give the bond to support the child, he should be acquitted.

5. The court did not err in admitting in evidence the orders of the justice
of the peace, one of which required the defendant to give bond in a
stated sum for the maintenance and education of the bastard until he
should arrive at the age of 14 years, and the other reciting that the
defendant had "failed to give the bond and security required" in the
preceding order, and directing that he give bond for his appearance at
the next term of the city court of St. Marys.   It was not necessary
that the latter order should state that the defendant "refused" to give
the bond.   See *Watts* v. *State*, 12 *Ga. App.* 350 (77 S. E. 206).   The
statute provides that "if the putative father shall *fail* to give such
security, the justice shall bind him over," etc.   Penal Code, § 1332.   A
failure to give bond when required to do so is equivalent to a refusal.

6. There was no error in excluding evidence that the prosecutrix was preg-
nant at the time of the trial.   Her condition as to pregnancy could not
throw light on the question as to the paternity of the bastard already
born; and she could not be impeached as a witness by proof as to specific
acts.   *Johnson* v. *State*, 61 *Ga.* 305; *Ratteree* v. *Chapman*, 79 *Ga.* 574
(4 S. E. 684).

7. The court did not err in refusing to admit testimony that the "reputa-
tion for chastity" of the mother of the bastard was bad, or that her

23

"general reputation and character for chastity prior to March 25, 1912" (about the time the bastard must have been begotten), was bad.

(a) The mode of impeaching a witness by proof of character or reputation is laid down in the code (Penal Code, § 1053; Civil Code, § 5882); the code specifies the questions to be propounded and "impliedly excludes all others." *Barnwell* v. *Hannegan*, 105 *Ga.* 400 (31 S. E. 116). See also *Gordon* v. *Gilmore*, 141 *Ga.* 348 (7), 349, 350 (80 S. E. 1007). It provides for impeachment by proof that the "general character" of a witness is bad, and that from that character the impeaching witness would not believe him on oath; it does not provide for impeachment by proof as to a special kind of character, such as character for chastity, or even veracity. *Barnwell* v. *Hannegan*, supra. The Supreme Court has held that a woman can not be impeached as a witness by proof of her reputation as a common prostitute. *Smithwick* v. *Evans*, 24 *Ga.* 461. Expressions in the decisions of the Supreme Court in *Weathers* v. *Barksdale*, 30 *Ga.* 888, and *Black* v. *State*, 119 *Ga.* 746 (47 S. E. 370), not in harmony with that decision, are merely obiter; in both of those cases the court was dealing with exceptions to testimony as to specific acts of lewdness, and held that the testimony was not admissible. The case last cited was a prosecution for rape; and it is held that in such cases, "independently of the question of the woman's credibility as a witness, the jury may properly consider evidence of her previous character for chastity, in determining whether or not she really consented to the sexual intercourse which she testifies was had against her will." *Seals* v. *State*, 114 *Ga.* 518, 520 (40 S. E. 731, 88 Am. St. R. 33). See also *Camp* v. *State*, 3 *Ga.* 417, 420. In *Cripe* v. *State*, 4 *Ga. App.* 832 (62 S. E. 567), no question was raised in regard to the admissibility of the evidence introduced as to reputation for lewdness; the sole question presented for decision was whether the evidence was sufficient to support the verdict, and it was held that the jury might believe a female witness notwithstanding proof of her reputation for lewdness.

(b) While it has been held that, in a prosecution for bastardy, proof of specific instances of sexual intercourse between the mother of the bastard and other men than the accused, at and near the beginning of the period of gestation, when the bastard must have been conceived, is admissible, not for the purpose of impeaching her character, but as tending to show that some other person than the accused may have begotten the child (1 Wig. Ev. § 133, pp. 195-6; 5 Cyc. 661; 3 R. C. L. § 44, p. 763; State *v.* Roderick, 77 O. St. 301, 82 N. E. 1082, 14 L. R. A. (N. S.) 733), proof of the reputation or character of the woman is not admissible for the purpose of showing this fact.

8. There was no error in permitting the jury to take to their room certain letters of the accused to the prosecutrix, admitted in evidence without objection and read to the jury, in which he admitted the paternity of the child. As to such evidence the rule is different from that applied to depositions. 2 Thomp. Trials, § 2575; *Shedden* v. *Stiles*, 121 *Ga.* 637 (4), 639 (49 S. E. 719).

9. There is no merit in any of the exceptions to the rulings on the admission of testimony, for any reason assigned, and the evidence was ample to support the verdict.

*Judgment affirmed. Broyles, J., not presiding.*

Decided May 17, 1915.

Accusation of bastardy; from city court of Saint Marys—Judge McElreath. September 12, 1914.

*David S. Atkinson,* for plaintiff in error.

*S. C. Townsend, solicitor,* contra.