## 9029. CRAFT *v.* THE STATE.

BROYLES, P. J. 1. A proceeding for bastardy is purely statutory, and, being somewhat penal in its character and procedure, the statutory requirements must be strictly followed. 7 Corpus Juris, 967, § 57.

2. While in many judicatories a proceeding for bastardy may be commenced by the affidavit of some public officer, in Georgia and in several other States it can be instituted only by the affidavit of the mother of the bastard. 7 Corpus Juris, 972, § 73, note 25; Park's Penal Code, § 1331; *Walker* v. *State,* 5 *Ga.* 491; *Davis* v. *State,* 58 *Ga.* 174; *Watts* v. *State,* 12 *Ga. App.* 350 (77 S. E. 206).

3. In the instant case, upon the trial of the defendant for the offense of bastardy, in the city court of Richmond county, the court admitted in evidence the written judgment of the magistrate before whom the bastardy proceedings were instituted. Under the foregoing rulings, the

judgment showed upon its face that the magistrate had no jurisdiction of the case, for the reason that it appeared in the judgment that the affidavit upon which the proceeding was based was made by one Guy Sturgis, and not by the mother of the bastard. The defendant having timely made this objection to the admission of the evidence, the court erred in overruling the objection and in admitting the evidence, and thereafter in refusing to grant a new trial.

*Judgment reversed. Harwell, J., concurs. Bloodworth, J., concurs dubitante.*

DECIDED NOVEMBER 13, 1917.

Accusation of bastardy; from city court of Richmond county—Judge Black. July 3, 1917.

*Len B. Gillebeau,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.