24039.   GREEN *v.* THE STATE.

Decided June 11, 1934.

*Len B. Guillebeau,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

Guerry, J.   Johnnie Green complains that he was convicted of being the father of a bastard child born to one Azilee Hammond, and of failure to give bond for the support and maintenance of the child until it reached the age of fourteen years.   Not disputing the sufficiency of the evidence that he was the father of the bastard child, he contends that he was not lawfully convicted, for two reasons, namely, (1) that the "proceedings in the municipal court of Atlanta were and are absolutely null and void, for the reason that his Honor, L. Z. Rosser, Judge, municipal court of Atlanta, Fulton section, who issued the warrant for the arrest of the defendant and who subsequently passed the judgments contained in 'Exhibit B,'

had no jurisdiction of the subject-matter of said warrant and judgments, because, as appears from said 'Exhibit B,' the affidavit of the said Azilee Hammond, discovering on oath the father of said bastard child, was not made before the said L. Z. Rosser, Judge, as required by law, but was made before W. B. Honea, deputy clerk, municipal court of Atlanta," and (2) that there was no evidence in said case to prove that the defendant had ever been required, in terms of the law, to give bond for the maintenance and education of said child.

■ The act of December 16, 1793 (Cobb's Digest, 148, Penal Code of 1910, §§ 1331, 1332, 1333), provides that any justice who knows, "of his own knowledge, or has information on oath to that effect," of any woman having or about to have a bastard child, may issue a warrant against such woman, directing that she be brought before him for the purpose of requiring her to give good security for the education and maintenance of such child until it becomes fourteen years of age or "to discover on oath the father of the child." The act further provides that if such woman, having been brought before the justice (as above provided), shall discover on oath the father of the child, the justice shall issue a warrant for such person to be brought before him for the purpose of giving bond for the education and support of such child until it reaches the age of fourteen years, and upon failure to give such security it is the duty of the justice to bind him over to appear before the next superior or county court. The above act obviously prescribes only one procedure, that is, that when the justice knows, from his own knowledge or from information of others given on oath, that a woman has or is about to have a bastard child, he shall issue a warrant for *her* arrest and when she is brought before him, if she discover on oath the father of such child, the justice shall issue a warrant for *his* arrest, and upon his being brought before such justice he shall require him to give bond, etc. However, it has been held that it is not necessary that the "mother be brought before the magistrate." *Watts* v. *State,* 12 *Ga. App.* 350 (77 S. E. 206). The uniform practice in this State is *for the mother* to make the affidavit giving the name of the putative father. *Watts* v. *State,* supra; *Davis* v. *State,* 58 *Ga.* 170. Where there is *voluntary action* on the part of the mother, we can see no difference in *this kind* of proceeding *to obtain a warrant* and the proceeding in any

other case *to obtain a warrant.* The Penal Code, § 903, provides: "Any judge of a superior, city or county court, or justice or any corporation officer clothed by law with the powers of a justice, may issue his warrant for the arrest of any offender against the penal laws, *based either on his own knowledge or the information of others given to him under oath.*" (Italics ours.) In *Cox* v. *Perkins,* 151 *Ga.* 632 (107 S. E. 863), it was held: "A criminal warrant consists both of the affidavit upon which it is based and the precept of the officer. The taking of the affidavit imposes duties in their nature judicial. (*a*) The powers conferred upon the clerk of the municipal court of Atlanta, under section 23 of the act approved August 20, 1913 (Acts 1913, pp. 145, 155), are not judicial in character. (*b*) An affidavit taken before a deputy clerk of the municipal court of Atlanta, not in the presence of a judge of that court, will not furnish a sufficient foundation for the issuance by a judge of the municipal court of Atlanta of a warrant to arrest an accused person." In the opinion Justice George said: "While our code does not expressly declare that the oath is to be made before the magistrate or officer issuing the warrant, the sections quoted above clearly contemplate that the affidavit is to be made before the magistrate, or at least before an officer clothed with judicial power."

In *Wadley* v. *McCommon,* 154 *Ga.* 420 (114 S. E. 357), it was held that under the act creating the municipal court of Macon, which provides that the judge of that court shall have all powers that have been conferred by the laws and constitution of this State upon a justice of the peace, and further provides that "the clerk of said municipal court shall have complete power and authority, co-existent and co-ordinate with the power of the judge of said court, under the provisions of this act, to issue any and all warrants, civil or criminal, summary processes and writs which are issuable as a matter of right, to accept and approve bonds, and to discharge any and all other functions . . which are performable by a justice of the peace," and that "the clerk of said municipal court shall have power . . to appoint one or more deputy clerks," and that the "said deputy clerk, if and when so appointed, shall exercise all the functions and be subject to all the responsibilities and requirements of the clerk of said court," a deputy clerk of the municipal court of Macon is authorized to take an affidavit and issue a warrant for a person accused of crime. "A person arrested under a

warrant so issued by the deputy clerk, although out of the presence of the judge, is not entitled to a discharge on a writ of habeas corpus." As pointed out by Justice George in the *Cox* case, supra, only acts which were ministerial in their nature could be performed by clerks of the municipal court of Atlanta under the act of 1913, and the taking of an affidavit for the issuance of a warrant, being judicial in its nature, could not be performed by them. However, it was said in *Ormond* v. *Ball*, 120 *Ga*. 916 (48 S. E. 383), by Justice Cobb: "It so happens that under our law the only officers who are authorized to issue warrants are judicial officers, but there is no reason why this authority should not be by the General Assembly vested in officers whose other duties are purely ministerial, such as clerks, sheriffs, and the like." Immediately after the decision in *Cox* v. *Perkins,* supra, which was rendered June 18, 1921, there was passed an amendment to the act creating the municipal court of Atlanta, as follows: " . . including the taking of affidavits and administering oaths in criminal or quasi criminal proceedings upon which warrants may be issued for the arrest of persons or the search of places described therein," so that the section under consideration by Justice George now reads as follows: "All purely ministerial duties which, under the laws of this State, are performable by a justice of the peace or notary public ex-officio justice of the peace, and any such duties prescribed by the rules of said court, shall be performable by the clerk, or his deputies. The clerk and deputy clerks of said court may administer oaths and take affidavits, *including the taking of affidavits and administering oaths in criminal or quasi criminal proceedings upon which warrants may be issued for the arrest of persons or the search of places described therein,* but shall not have the power to attest deeds and similar instruments." Ga. L. 1922, p. 207. Certainly if deputy clerks may be empowered to issue warrants (*Ormond* v. *Ball,* supra), they may be empowered to take affidavits upon which warrants may be issued. We are therefore of the opinion that it was not necessary that the affidavit of the mother should be taken before the judge of the municipal court, but that a warrant could be lawfully issued upon her affidavit before the deputy clerk of such court. Nothing herein ruled is in conflict with what is held in *Craft* v. *State,* 21 *Ga. App.* 258 (94 S. E. 281). In that case the affidavit *was not made by the mother,* but by an officer, and the court simply held

that this was not sufficient compliance with the act. In the case at bar *the mother did* actually make the affidavit upon which the warrant issued.

The other complaint made is for two reasons of no avail to the defendant in his unfortunate plight. First, it appears that the judge of the municipal court made the following entries upon the warrant: "After hearing evidence, it is ordered that defendant give security as provided in section 1332 of the Penal Code," and, "Defendant having failed to give security as required, it is ordered that defendant give bond of $300 for his appearance at the criminal court of Atlanta, now in session, to answer to the charge of bastardy, or in default that he be committed to jail." This warrant with entries thereon was introduced in evidence in the criminal proceeding in the criminal court without objection. Such entries were sufficient to show that the defendant was required to give the bond as provided in section 1332 and that he failed to do so. *Parsons* v. *State,* 97 *Ga.* 73 (24 S. E. 845); *McCalman* v. *State,* 121 *Ga.* 491 (49 S. E. 609); *Nutt* v. *State,* 46 *Ga. App.* 727; *Rudulph* v. *State,* 16 *Ga. App.* 353 (85 S. E. 365). Secondly, there appears in the answer of the judge of the criminal court to the certiorari (which answer was not traversed) the following: "On page 2, second paragraph of the petition for certiorari, it is alleged that the written record of the proceedings in the municipal court of Atlanta is the only proof that the defendant, Johnnie Green, upon being arraigned in the municipal court, 'did fail and refuse to give bond for the maintenance and education of said child in terms of the law.' This respondent certifies that it is his recollection that such written record from the municipal court was admitted in evidence without objection from the defendant, and further that the State's counsel had asked in open court for the presence of L. Z. Rosser, the judge presiding in the municipal court, for the purpose of introducing the said Judge Rosser as a witness to establish the failure of said Johnnie Green to give bond as aforesaid. Whereupon defendant's counsel (Mr. Guillebeau) stated in open court that the testimony of Judge Rosser might be dispensed with, in view of the admission into evidence without objection the bastardy proceedings in said municipal court, which is set out as Exhibit 'B' in the petition for certiorari in this case." Such statement of counsel, even if the above entries were not sufficient to show a demand

and a failure to give bond as required by law, would estop him to deny that the defendant was "required" to give bond and that he "failed" to do so.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*