27    283
129   385

THE COLUMBUS OMNIBUS COMPANY, plaintiff in error, vs. PAUL J. SEMMES, garnishee, defendant in error.

Evidence which *tends* to establish the issue, is admissible, although not of itself sufficient for that purpose.

Garnishment, from Muscogee county. Decision by Judge WORRILL, at November Term, 1858.

The Columbus Omnibus Company brought suit against the Manufacturers and Mechanics Bank, and pending suit served Paul J. Semmes with a summons of garnishment.

The garnishee answered that he was not, at the time of the service of said summons, and had not been since, indebted to said bank, nor did he have, at the time of said service, nor has he had since, any property or effects of said bank in his hands.

Plaintiff traversed this answer, and the issue, was submitted to a jury.

Plaintiff's counsel offered to read from the minutes of the Manufacturers and Mechanics Bank as evidence, the following, to-wit:

May 8th, 1852. Received of the commissioners, G. E. Thomas, J. C. Cook, Hervey Hall, Joseph B. Hill, a certificate of deposit on the Agency of the State Bank of Georgia,

for twenty-five thousand dollars, dated the sixth day of April, 1852, the *same* being the ten per cent. on the capital stock of said Banking Company, paid to said commissioners on said 6th April, 1852.

(Signed,)        B. A. THORNTON,
            PAUL J. SEMMES,
            DOZIER THORNTON,
            JOSEPH KYLE,
                        *Directors.*

Also, the following:

"Columbus, Ga., May 8th, 1858.

The commissioners appointed by the Legislature to superintend the election of Directors of the Manufacturers and Mechanics Bank of Columbus, having met this day and certified to the election by the stockholders of the following named persons as directors, to-wit: Paul J. Semmes, Sterling F. Grimes, Dozier Thornton, Joseph Kyle and B. A. Thornton; they, the Directors above named, met for the purpose of organizing the board, when, on motion of P. J. Semmes, Dozier Thornton was called to the Chair, and Robert B. Kyle requested to act as Secretary."

"It was then on motion, ordered that the board of Directors proceed to the election of a President and Cashier of said bank. Whereupon, on counting out the ballots, it appeared that General Paul J. Semmes was duly elected President, and Robert B. Kyle duly elected Cashier." (Then follows the oaths administered to the President and Cashier.)

"Robert B. Kyle then tendered his bond with two securities for the performance of his duties as Cashier, which was accepted. It was then ordered that certificates of stock be issued to the stockholders for the several amounts of their subscription."

"It was then on motion of B. A. Thornton, ordered that the notes of the stockholders, for the amount of their several subscriptions actually paid in, be discounted, the notes to

be payable within thirty days after demand by the President of the bank."

"On motion of Dozier Thornton, the board then adjourned to meet, subject to the call of the President.

(Signed,)            D. THORNTON, *Chm'n.*

R. B. KYLE, *Sec'y.*"

Also, the following, to-wit:

"COLUMBUS, GA., April 5th, 1852.

We, whose names are hereto subscribed, agree to take the number of shares opposite our names in the capital stock of the Manufacturers and Mechanics Bank of Columbus, and to comply with all the terms of the charter, agreeably to an Act of the Legislature, approved January 27th, 1852, to incorporate a bank in the city of Columbus, to be called The Manufacturers and Mechanics Bank of Columbus.

| *Stockholders' Names.* | *Number of Shares.* |
| --- | --- |
| Paul J. Semmes, - - | Fifteen hundred. |
| Dozier Thornton, - - - | Four hundred. |
| Robert B. Kyle, - - | Two hundred. |
| B. A. Thornton, - - - | Thirty shares. |
| Sterling F. Grimes, - - | One hundred. |
| Joseph Kyle, - - - | Thirty shares. |
| Robert B. Kyle, - - | Two hundred and forty." |

To the introduction of all which, counsel for garnishee objected, on the ground, that the same was irrelevant; garnishment not being the proper remedy.

The Court sustained the objection, and rejected the evidence, and counsel for plaintiff excepted.

W. DOUGHERTY, for plaintiff in error.

JOHNSON & SLOAN, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The plaintiff offered, all at the same time, sundry pieces of evidence, going to show the organization of the Manufacturers and Mechanics Bank, the payment in of the $25,000 required by the charter before transacting any business, and an order of the board of directors to the effect, that each stockholder be allowed to discount his note to the amount of his stock, payable thirty days after demand by the President. Paul J. Semmes, the defendant, was the President, and a stockholder to the amount of fifteen hundred shares.

The testimony was objected to and ruled out, upon the ground, that it was irrelevant, *because garnishment was not the proper remedy in this case.* Had the proof gone one step further, showing that in accordance with the order of the board, Semmes had borrowed $15,000, and given his note for the amount, and there stopped, the case would have been fully made out. He would be convicted undoubtedly of being a debtor to the bank for that sum. True, the development of *all* the facts in the case, might have shown that garnishment was not the proper remedy. But the objection was premature. As far as the evidence went, *it tended* to demonstrate the issue, to-wit; that Semmes was a debtor to the bank. We repeat, had the proof gone one step further, and established that he got $15,000, and gave his note for it, the evidence would have been complete. And without this, that which was offered would have amounted to nothing.

It is not the practice of the Courts to require all the testimony to be introduced or even disclosed at once. The holder of a bankable note, sues the endorser. He first offers the note. It is admitted without proof of demand and notice, a recovery cannot of course be had. Still the note is always introduced without objection. The plaintiff in ejectment, begins by offering a grant from the State to the land in dispute. Instead of showing title *in* the plaintiff, it

shows paramount title *out* of him; as does every intermedi-
ate conveyance perhaps, until you reach the deed under
which he claims.   Still he is always permitted to proceed;
and to begin at either end of the chain tracing his title from
the State down to himself, or from himself up to the State.

But here as the record shows, the objection was not to the
relevancy of the testimony generally, which is the question
argued before us.   But it was rejected distinctly upon the
ground, that the common law remedy in this case, did not
lie.   Now whether this be so or not, the objection came too
soon.

Judgment reversed.