CHRISTIAN *et al. v.* THE STATE.

1. There was sufficient evidence to authorize the verdict.
2. A ground for new trial, that the court erred in admitting certain testimony, not stating what objection was made to the testimony, nor whether objection was taken at the time of the trial, or put in at the time the motion for new trial was made, cannot be considered.
3. Where evidence was admitted without objection and was ruled out on the defendant's motion, the defendant has no right to complain.
4. A ground for new trial not approved by the judge cannot be considered.

December 23, 1890.

Criminal law. Retailing liquor. Evidence. Practice. Before Judge LUMPKIN. Madison superior court. March term, 1890.

The indictment charged Christian and Pass with retailing spirituous liquors without license to one Dal Cash, on February 21, 1889. The evidence for the State showed that Cash, his wife, Russell and Moon went to defendant's bar-room in February, 1889, and Cash bought of Christian a half-gallon (not more) of corn-liquor in a jug, paying $1 for the liquor; that Russell died on his way home, two or three hundred yards from the grocery; and that Christian sold him a pint of liquor that day, and he and Cash drank it all and drank some out of Cash's jug. The evidence for the defendants tended to show that Cash bought of Christian a gallon of whiskey for which he paid $2; that he first asked Pass to let him have half a gallon, but Pass refused, saying he had no license to sell less than a gallon; and that Christian then sold the gallon, measuring it and putting half of it into a jug and the

remainder into two quart bottles. For the grounds of the motion for a new trial, see the opinion.

J. E. Gordon and Thomas & Strickland, for plaintiffs in error.

W. M. Howard, solicitor-general, by J. H. Lumpkin and Harrison & Peeples, contra.

Simmons, Justice.

These defendants were indicted and tried for the offence of selling liquor without license, and were convicted. They made a motion for a new trial on the grounds that the verdict was contrary to law and the evidence and without evidence to support it, and upon other grounds which will be mentioned hereafter. The motion was overruled, and the defendants excepted.

1. We think there was sufficient evidence to authorize the finding of the jury.

2. The 3d ground is that the court erred in allowing the State to prove, over the objection of the defendant's counsel, that Ben Russell died the same day, before going more than 300 yards from the grocery. It is not stated in this ground what the objection was to this testimony, or whether it was taken at the time of the trial, or put in at the time the motion was made for a new trial. We therefore cannot consider it.

3. The 4th ground complains that the court erred "in allowing the State to prove that defendants were witnesses for two negroes charged with gambling in their bar-room, and then ruled out the evidence, the negroes being defendants' witnesses in this case, said testimony going in without objection and being ruled out on defendants' motion." If the evidence went in without objection, and was ruled out on the defendants' motion, we cannot see how the defendant was injured thereby, or what ground he has to complain.

4. The 5th ground was not approved by the court, and therefore cannot be considered.

*Judgment affirmed.*