## 28447. RUSHIN v. THE STATE.

DECIDED NOVEMBER 19, 1940.

*R. L. LeSueur,* for plaintiff in error.

*E. L. Forrester, solicitor-general,* contra.

MacIntyre, J. Leonard Rushin Jr. was convicted of simple larceny (hog stealing). His motion for new trial was overruled, and he excepted.

█ The special ground of the motion for new trial is not subject to be overruled and a new trial refused for the reason, as urged by the State, that the objection to the testimony complained of, not having been made at the time the testimony was given, came too late. It appears that "counsel for movant made the following timely motion to the court to exclude said testimony after quoted, said motion being in the following language, and *made after all evidence had been introduced and defendant's statement made and before the court's charge to the jury:* 'I move the court to exclude all testimony of Mr. Gleaton Johnson, to the effect that a negro came to his place on this date, and sold him a hog, and told him his name was Rushin; but he would not attempt to identify the negro, but would not say this was the negro and would not say what his first name was. Unless there was an identification by Mr. Johnson as positively being this defendant, that statement that anybody else named Rushin told Mr. Johnson would be hearsay testimony, and should be excluded. I move that all conversations and transactions regarding the transactions between Mr. Johnson and this person that Mr. Johnson can not identify be excluded from the record.'" (Italics ours.) This recital is approved by the trial judge as being true and correct, that is, that the motion to exclude the evidence was made "before the court's charge to the jury." Our Supreme Court, in *Blount* v. *Beall,* 182 *Ga.* 189 (185 S. E. 102), held that a motion to rule out testimony *illegally* admitted, even without objection, is never too late until the cause is *finally* submitted to the jury. In *McCalman* v. *State,* 121 *Ga.* 491 (49 S. E. 609), it was held that a motion to rule out illegal testimony is not too late if made before the case is *finally* submitted to the jury. There is a distinction between illegal testimony and secondary evidence. Hearsay testimony (illegal testimony) has no probative force whatever, and its only effect is to prejudice the minds of the jury against the party against whom such hearsay

evidence is introduced. The only objection to secondary evidence is that it is received without first laying the preliminary foundation. Such evidence stands on a different footing, and if admitted without objection it is nevertheless competent; for by allowing such evidence without objecting at the time it is sought to be introduced the party waives his right to have the best evidence of such fact sought to be proved, and can not subsequently insist that the court should withdraw such secondary evidence from the consideration of the jury. *Patton* v. *Bank of LaFayette*, 124 *Ga.* 965 (7), 974 (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639) ; *Goodwyn* v. *Goodwyn*, 20 *Ga.* 600 (10), 622. We therefore conclude that the judge properly entertained the motion to exclude the evidence in question, it being alleged that the evidence was hearsay (illegal) and should have been excluded; but whether or not, after entertaining it, he properly overruled the motion and refused to exclude the evidence presents another question.

■ The evidence it was sought to exclude was admissible, and the judge properly overruled the special ground of the motion for new trial. It is true Gleaton Johnson (the person who bought the stolen hog and the witness whose testimony is complained of) did not know the negro from whom he bought the hog and who told him his name was Rushin. However, Arthur Boone, another witness for the State testified that he saw the defendant sell the hog to Johnson, heard the defendant tell Johnson his name was Rushin, and that he knew the defendant to be Leonard Rushin Jr., the defendant on trial, having known him for ten or twelve years before. This evidence which was alleged to be hearsay, although it was not itself sufficient for that purpose, was a relevant circumstance along with the testimony of other witnesses which tended to establish the issue (identity of the defendant as the man who sold Johnson the stolen hog) and was admissible. *Columbus Omnibus Co.* v. *Semmes*, 27 *Ga.* 283, 286; *Lundy* v. *Tucker*, 34 *Ga. App.* 721 (130 S. E. 924). Furthermore, if evidence is doubtful, the practice is to admit it. *McClelland* v. *State*, 27 *Ga. App.* 784 (3) (110 S. E. 523). The judge properly admitted this evidence.

■ The evidence amply authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*