33407. HARRISON *v.* THE STATE.

DECIDED FEBRUARY 27, 1951.

*L. H. Foster, Cain & Smith,* for plaintiff in error.

*Edwin A. Carlisle, Solicitor, Maston O'Neal,* contra.

GARDNER, Judge. 1. One of the grounds of the amended motion complained of the overruling of the defendant's motion to exclude the testimony of the prosecuting witness, Mrs. George

Henry Merritt, who had testified that she met the defendant and asked him, "Did you shoot the hogs?" The defendant had said: "Yes, I shot them and I am going to bring my rifle with me tomorrow and kill every one of them." The record reveals that the prosecutrix heard gun shots in the defendant's field which adjoined hers, and that she started toward the Harrison field and met Harrison, in company with another person, in a jeep. A shotgun was also on the jeep. Then it was that she propounded the question above set out to the defendant and he gave the answer as set out. The record further reveals that the hogs so shot were bleeding as they came to the prosecutrix's home, and all thirteen of them died the next day. The evidence further reveals that the conversation complained of was admitted by the court without objection at the time it was given by the defendant, and that no motion to exclude it was made until after the State's attorney had completed his argument, although the motion to exclude was interposed before the jury returned the verdict and while the prosecutrix was in the courtroom. It is the contention of counsel for the defendant that the evidence of the confession or admission—having been admitted without laying the foundation therefor that it was freely and voluntarily made without any hope of reward or fear of punishment—is illegal evidence. In support of this contention, counsel for the defendant cite, in the following order: *Rushin* v. *State,* 63 *Ga. App.* 646 (11 S. E. 2d, 844), to the effect that, on motion to exclude *illegal evidence,* it is not too late to exclude such evidence at any time before the case is finally submitted to the jury; also *Blount* v. *Beall,* 95 *Ga.* 182, 189 (4) (22 S. E. 52), where the Supreme Court said: "A motion to rule out testimony illegally admitted even without objection is never too late until the cause is finally submitted to the jury. If the testimony is illegal, it should not be considered by the jury, and if it is not to be considered by the jury, it should not be admitted for their consideration." In that case the testimony had been admitted without objection, and it appears from that decision that it was illegal evidence.

Counsel also cite *Sconyers* v. *State,* 67 *Ga. App.* 902 (1) (21 S. E. 2d, 504), where this court held as follows: "Without doubt, confessions must be voluntary—that is, if they are made

under the hope of reward or fear of hurt they are not competent. Code [§ 38-411]. . . *But confessions are not illegal evidence standing alone.*" (Italics ours.) Subsections a, b, and c of headnote 1 of the *Sconyers* decision also deal with confessions, but we will not quote them here, since we do not think that the facts there set forth are applicable to the instant case. *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d, 820), also is cited. The only portion of that decision which is in any wise applicable to the facts of the instant case is the first portion of headnote 1, which states an abstract principle of law; but, insofar as the evidence in that case shows, such portion of the decision is mere obiter and not binding authority when applied to the facts of the instant case. It is definitely held in a portion of said headnote that a prima facie showing was made by the unequivocal testimony of the officers; and that, on cross-examination of the officers, the evidence at most merely presented an issue to be resolved by the jury as to whether the evidence as to facts and circumstances elicited could be taken to impair the unequivocal preliminary proof. Thus it appears that the facts of that case are distinguishable from those of the instant case. Next and finally, counsel for the defendant call our attention to *McLemore* v. *State,* 181 *Ga.* 462 (2) (182 S. E. 618, 102 A. L. R. 634). On page 467 of that opinion, dealing with this question, the Supreme Court said: "In establishing whether or not an alleged confession is prima facie admissible does the burden of proof rest upon the State, or upon the defendant accused of crime? The solicitor-general contends that the burden is upon the accused to show that the alleged confession was not voluntary. In support of this proposition we have had our attention called to *Everhart* v. *State,* 47 *Ga.* 598, 608. The question now before us was not raised in that case. In the opinion it was said: 'It appears from the record that these confessions were offered, and no objection made by the prisoner's counsel to their going in.' However, our view of the language of [Code] § 38-411 is supported by the remark of the court in finding no error in the admission of the confessions of the defendant; for the court stated: 'As his counsel permitted the evidence to go in without objection, we must take it for granted that they preferred not to insist . . we incline to think that, if ob-

jected to, it would have been the duty of the *State* to show the circumstances under which they were made, that the court might see if they were voluntary.'" It is true that, in the latter case, the court incidentally intimated that the motion could have been made before final verdict. That question was not before the court in that case. It has always been the general practice so far as we know, in our trial courts, when legal evidence has been introduced without laying the proper foundation, without objection from the opposite party, that it is within the discretion of the court as to whether the case will be reopened for further evidence. Counsel for the defendant have cited us to no decision concerning this rule. It is true, as stated above, that counsel have cited authority to the effect that illegal testimony which has no probative value may be excluded at any time before submission to the jury.

2. Let us inquire into the authority on the other side of the question. In the early years after this court was established, in *Hawkins* v. *State*, 8 *Ga. App.* 705 (2) (70 S. E. 53), Judge Powell, speaking for the court, said: "While the court should not admit confessions or incriminatory admissions in a criminal case, without a preliminary hearing as to their being freely and voluntarily made, where there is anything in the testimony tending to show that they were not so made, or where the accused demands the preliminary investigation, still such evidence is not objectionable on the ground that it has not first been affirmatively disclosed that the admissions or confessions were freely and voluntarily made, where there is nothing to show that they were induced by any hope of reward or fear of punishment." Under all the facts of the instant case the principle of law held in the *Hawkins* case seems to be controlling here, and we find nothing to the contrary in the decisions cited by counsel for the defendant. Especially is this true when we take into consideration the discretion of the court in conducting its business, and when we take into consideration the further circumstances that the evidence of the prosecutrix, with reference to what she asked the defendant and what he said, was so closely connected in point of date and subject-matter as to leave no doubt that the conversation referred to in her evidence between her and the defendant related to the transaction itself.

Furthermore, the defendant denied that he made any such statement to the prosecutrix. He stated that he did not shoot her hogs; and that he had the gun for the purpose of shooting crows, and did shoot crows several times on this particular occasion. We might state here that the defendant further stated that he did not care about the hogs being in his field, that he had some scattering feed in the field, but that he had no hogs to eat it. In *Rushin* v. *State* (supra), at page 647, the court draws a distinction between illegal testimony and legal testimony in the nature of secondary evidence where the proper foundation has not been laid. As we have observed above, a confession, standing alone, is not illegal testimony, even though the preliminary foundation for its admission is not first made. The court in dealing with this question in the *Rushin* case, at page 647, had this to say: "Hearsay testimony (illegal testimony) has no probative force whatever, and its only effect is to prejudice the minds of the jury against the party against whom such hearsay evidence is introduced. The only objection to secondary evidence is that it is received without first laying the preliminary foundation. Such evidence stands on a different footing, and if admitted without objection, it is nevertheless competent; for by allowing such evidence without objecting at the time it is sought to be introduced the party waives his right to have the best evidence of such fact sought to be proved, and cannot subsequently insist that the court should withdraw such secondary evidence from the consideration of the jury . . we therefore conclude that the judge properly entertained the motion to exclude the evidence in question, it being alleged that the evidence was hearsay (illegal) and should have been excluded; but whether or not, after entertaining it, he properly overruled the motion and refused to exclude the evidence presents another question." The Supreme Court in *Patton* v. *Bank of LaFayette*, 124 *Ga.*. 965 (7) (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639), pertaining to this question, said: "The rule of court requires that all objections to evidence be urged and insisted upon at once; and after a decision upon one or more grounds, no others afterwards urged shall be heard by the court. Where objections were made to evidence when offered, and overruled, it was in the discretion of the court to refuse to exclude the evidence on a ground not urged to its admission; and this is

especially true where the motion to rule out was made pending the argument and was predicated upon a failure to lay the proper foundation for the evidence sought to be excluded."

3. Another ground of the amended motion for a new trial complains because, when the son of the prosecutrix was on the stand under cross-examination, the prosecutrix looked directly at the witness while he was testifying and shook her head and pointed her finger at the defendant, all of which was in clear view of the jury. The defendant made a motion for a mistrial, which was overruled. While this conduct of the prosecutrix might have been reprehensible, and perhaps the court should have restrained her, there is nothing in the record to show that, after the matter was called to the attention of the court, the prosecutrix again repeated this conduct. In our opinion this assignment of error does not require a reversal under the record of this case. The witness in question testified that he did not see the defendant shoot the hogs; that he did not see his mother go down towards the defendant's field; that he only saw the hogs after they had gone home; that apparently they were suffering from their wounds; and that he did not know who shot the hogs. There is nothing in the record to show that the conduct of the prosecutrix injured the defendant in any way.

4. As to the general grounds, we think that the evidence supports the verdict. Counsel for the defendant contend as to the general grounds that, since Grady County, in which the crime was alleged to have been committed, is a "No Fence" county, the hogs were trespassing on his land, and for this reason he could not be found guilty under the provisions of Code § 26-7902. We do not understand, under the provision of the No Fence law, that, because a domestic animal is trespassing on one's property, such trespassing by the animal would give the owner of the land the right to shoot it in the manner set forth in the accusation and the evidence here. Furthermore, the defendant contended in his statement that he had no objection to the prosecutrix's hogs being in his field. In effect, he stated that they had caused him no damage.

The court did not err in overruling and dismissing the certiorari for any of the reasons given.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*