## 33907.   GRANT *v*. THE STATE.

Decided March 10, 1952.

*Titus & Altman, Chas. F. Johnson*, for plaintiff in error.

*J. B. Edwards, Solicitor-General*, contra.

GARDNER, P. J. 1. We will not discuss the general grounds, since the case may be tried again, and we do not know what the evidence might be.

2. Special grounds 1, 5, 6, and 7 assigned error on a portion of the charge of the court. In setting out this charge as error, it is contended that the judge erred in quoting the indictment in full because, after he read certain portions of the indictment, he charged, in immediate sequence, other words in the indictment as follows: "And did possess certain Boleta tickets, numbers tickets, bug tickets." This ground shows that, in immediate sequence after reading the indictment, the court said: "However, I charge you that mere possession of lottery tickets is not sufficient." It is contended that this charge was (a) not applicable or adjusted to the proven facts; (b) because the charge was not a correct statement of the law applicable to the facts; (c) because it was confusing and misleading, and did confuse and mislead the jury in reaching the verdict; (d) because the giving of such charge was prejudicial; (e) because there was no evidence offered to establish that the defendant committed the crime alleged, and there was no evidence to support the verdict; (f) that the alleged lottery tickets alone, there being no other evidence, were insufficient as a matter of law to support the conviction. We think it appropriate to state here that, so far as the sufficiency of the evidence is concerned, we are not considering this, since, as stated hereinabove, the case will be reversed on a special ground which we will hereinafter discuss. We will not, however, reverse the case on the assignment of error touching the charge hereinabove mentioned.

In special grounds 2 and 3, the defendant assigns error to the effect that the court erred because the evidence is insufficient as a matter of law to support the verdict, and he cites considerably from the brief of evidence including that portion touching the question of whether or not the conduct of the officer in procuring the tickets was compelling the witness to give evidence against himself. As stated in the portion of the opinion im-

mediately preceding the discussion of these grounds, we are not here dealing with the sufficiency of the evidence, but with whether the conduct of the officer, in effect, forced the witness to produce evidence against himself in violation of his constitutional rights. In those special grounds, 2 and 3, error is assigned (a) because after the evidence had been offered concerning the method and manner and circumstances concerning the procurement of the tickets from the defendant by the police officer, as set forth in the statement of facts, counsel for the defendant made a timely objection, that the evidence as to the procurement of the tickets from the accused compelled the accused involuntarily to produce evidence against himself in violation of his constitutional rights under Code § 2-106 of the Constitution of Georgia, and as contained in Code § 38-417, which provide that "No person shall be compelled to give testimony tending in any manner to criminate himself." The court overruled this objection and permitted the evidence to go before the jury. In this regard we are clearly convinced that the court committed reversible error. There is no question in our mind but that counsel for the defendant used correctly and timely the procedure rules necessary to raise this question properly. See *Rushin* v. *State*, 63 *Ga. App.* 646 (11 S. E. 2d, 844). In *Underwood* v. *State*, 13 *Ga. App.* 206 (78 S. E. 1103), this court said: "Courts should liberally construe the constitutional provision against compelling the accused to be a witness against himself, and refuse to permit any first or doubtful steps which may invade his rights in this respect." It is clear from the record that the officer compelled the defendant to produce, against the will of the defendant, the lottery tickets in question. He did this by threat and by placing his hand on a pistol. The defendant did not voluntarily hand over to the officer this evidence, without which, under the facts of this record, the defendant could not have been convicted of the offense charged. We are not unmindful that, even though one is not under arrest, the officer may by force, by an unlawful search and an unlawful seizure, procure from a suspect evidence of the guilt of a crime, and the State may introduce evidence and the jury may convict upon it, but such an illegal act in obtaining such evidence is quite a different thing from the officer compelling the defendant to produce it. The former does not constitute

a violation of the constitutional rights of the defendant, under the many decisions of our courts; but the method of forcing the defendant to produce this evidence violates his constitutional rights, in that it compels him to produce evidence to incriminate himself. See *Day* v. *State*, 63 *Ga.* 667; *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893). It follows that the case must be reversed for the reasons set forth in these grounds.

Special ground 4, complaining of the introduction of the lottery tickets, is without merit.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*