## 33450. COPELAND v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He appeals. We affirm.

1. It was not error to refuse to charge on alibi in this case. The victim was found shot to death in the third floor stairwell of a motel. A police officer testified a hotel guest stated to him during his investigation that she heard shots "around 11:15 p.m." This evidence was hearsay and has no probative value. The defendant claims he established that he was in the motel bar, 100-200 feet distant, at that time. He relies on the bartender's statement during cross examination that the defendant was in the bar "about 11:10 or 11:15 p.m." But on direct examination she testified the defendant left the bar "around 11 o'clock." She also testified that "by about ten minutes after eleven everybody had been gone" from the bar. She further testified she could not give definite times. The evidence concerning the time of these events was approximate or hearsay and does not reasonably exclude the possibility of the presence of the defendant at the scene of the homicide. *Bryant v. State,* 229 Ga. 60, 61 (2) (189 SE2d 435) (1972); *Weaver v. State,* 199 Ga. 267 (2) (34 SE2d 163) (1945); *Latimer v. State,* 188 Ga. 775 (4) (4 SE2d 631) (1939). The victim was shot with the defendant's pistol. The defendant knew the victim was in a motel room with a prostitute. About this time the defendant was told by a second prostitute the victim was causing trouble whereupon the defendant paid his bill and left the motel bar. The victim was found the next morning about 9:30 a.m. The defendant was arrested approximately 24 hours later. Hand swabbings indicated the defendant had fired a gun recently.

2. There is no merit to appellant's enumeration that

the verdict was based solely on circumstantial evidence (Code Ann. § 38-109), and did not exclude every other reasonable hypothesis save guilt. *Harris v. State,* 236 Ga. 242, 244 (223 SE2d 643) (1976); *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647) (1937).

3. The evidence amply supports the charge regarding the law of flight.

4. There is no merit to appellant's challenge to a communication received from the jury foreman setting out that the jury was deadlocked eleven to one and which included a request for recharge on the definition of murder. The court announced receipt of the communication, blacked out the allocation of the vote, and recharged the jury. Objection to the recharge was preserved until a later time by defense counsel; however, shortly thereafter, counsel, following the express direction of appellant, requested the court to permit him to waive the right to a twelve-man, unanimous verdict and be bound by eleven jurors. Following extensive questioning of appellant by the trial judge to determine the voluntariness of the waiver and whether appellant recognized the effect of his waiver, the jury was properly instructed, without objection, that they could return a verdict based upon the unanimous opinion of eleven jurors. The jury returned a verdict of guilty to which no objection was raised. We find no error. *Timmons v. State,* 223 Ga. 450 (156 SE2d 68) (1967); *Wilson v. State,* 145 Ga. App. 327 (4) (1978).

5. Appellant's fifth enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in Divisions 2, 3, 4 and 5 and in the judgment.*

ARGUED APRIL 12, 1978 — DECIDED MAY 16, 1978 — REHEARING DENIED JUNE 8, 1978.

*Richard J. Tuneski,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General, Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District*

*Attorney,* for appellee.

