69644. MARK INN, INC. et al. v. DEPARTMENT OF TRANSPORTATION.
(330 SE2d 134)

BEASLEY, Judge.

Condemnees appeal from a judgment entered on a jury verdict in a condemnation proceeding. *Held*:

1. The condemnor introduced evidence as to value through the testimony of two expert witnesses. No objection was made to their testimony. After the condemnor rested and during the presentation of condemnees' case, counsel for condemnees made the following motion: "I would like to move the Court first to exclude in its entirety the testimony of [one of condemnor's expert witnesses] regarding land values, in that at no time did he testify as to what dates those sales occurred. . . . [I]n his comparables, he referred to comparables as to land values. He never testified as to when those sales occurred, whether or not they were voluntary; he never testified that they were, with regard to the testimony of both [expert witnesses of condemnor] none of them testified as to whether or not each sale that he considered as a comparable was voluntary, as required by the law. The fact of the matter is, it's the undisputed testimony thus far that every one of those were foreclosed transactions instead of voluntary transactions." The trial judge then stated: "Well, first, . . . if you wanted to raise the objections to some part of their testimony, I respectfully submit you should have done it at the time. . . . Secondly, for me to go back and try just to rule out a broad, general bundle of testimony like that, I do not believe the Court is required to do it and I'm not going to do it. Thirdly, you had all the time you wanted to cross-examine both of those gentlemen and . . . the record was left as it is and so at this point I'm not going to try to go back and rule out all that evidence. I overrule your motion."

Condemnees contend that the ruling was error because of the following suppositions: (1) the trial court refused to strike the evidence

because the motion was not timely. This is not sustainable since "[a] motion to rule out testimony illegally admitted even without objection is never too late until the cause is finally submitted to the jury." *Blount v. Beall*, 95 Ga. 182, 189 (22 SE 52) (1894); *Graham v. Clark*, 114 Ga. App. 825, 828 (152 SE2d 789) (1966). (2) The trial court has a broad discretion in determining whether the foundation has been properly laid as to comparable sales. *Slenker v. Dept. of Transp.*, 141 Ga. App. 504, 505 (233 SE2d 871) (1977). However, "where . . . the ruling of the trial court, which ordinarily is one within the sound discretion of the court, shows that no discretion was in fact exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of discretion, reversal results." *Ray v. Dept. of Human Resources*, 155 Ga. App. 81, 85 (270 SE2d 303) (1980).

For the purpose here, we assume that the motion encompassed the striking of the value evidence in its entirety of both expert witnesses for the condemnor. The primal maximum applicable here is: "Where evidence is objected to in its entirety, some portion of which is admissible, such objection is not well taken, though some of the evidence may be inadmissible." *Johnson v. State*, 146 Ga. 190 (2) (91 SE 42) (1916). The same rule pertains to a motion to exclude. *Waters v. Wells*, 155 Ga. 439 (3b) (117 SE 322) (1923).

From the record, as we construe the reasoning of the trial court, it was declining to perform the duty imposed on counsel of specifying the objectionable portion. See *Brantley v. Heller*, 101 Ga. App. 16, 18 (112 SE2d 685) (1960). The court was not obliged to separate the wheat from the chaff and from the tenor of its remarks it expressly gave notice that it had no intention of dealing with "a broad, general bundle of testimony."

Moreover, the court went on to give substantive reasons for its ruling. The exercise of discretion is demonstrated by the court's statement regarding its third reason for overruling the motion, which evinces an evaluation of the evidence.

Applying the rule relative to the exercise of discretion, there is no basis for reversal because it does not affirmatively appear that the trial court failed to exercise any discretion whatsoever, nor was the legal ground on which the ruling rested erroneous. Compare *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360 (1975).

2. After the trial, it appeared that one of the jurors was a City Councilman and Fire Chief of the City of Fairburn. Condemnees admit that no questions were asked as to whether any of the jurors were officers or commissioners of any county or city governments. However, it is contended that the juror should have volunteered his status in response to the following question by counsel for condemnor: "Now, have any of you ever had your own property or your family

property, be it family or close personal friend's property, have you ever had a situation where such person has been involved in such proceedings as a condemnation case or let me include in that, perhaps, a sale in lieu of condemnation?"

Counsel cites authority for the proposition that disqualification of a juror demands the grant of a new trial. For several reasons there is no basis to disturb the judgment. 1) The fact that the juror was a city councilman might be a basis for a peremptory challenge but certainly would not work a disqualification. The city in question was in no way involved. 2) While it was shown that the City of Fairburn had engaged in condemnation proceedings the juror denied he ever had "any dealings with eminent domain proceedings." Even if he had, it would not necessarily establish that he had any predilection to favor any condemnor over any condemnee. 3) The question asked related to one (or one's friend) being involved as a condemnee in a condemnation proceeding and did not call for an affirmative answer from this juror. Thus, reasons advanced for the juror's alleged disqualification would not require the grant of a new trial.

*Judgment affirmed. Carley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED MARCH 14, 1985 —
REHEARING DENIED MARCH 29, 1985 —

*Robert H. Stringer, John D. Zellars, J. Corbett Peek, Jr., James G. Peek*, for appellants.

*J. Matthew Dwyer, Jr., James S. S. Howell*, for appellee.