### 72423. WOODRUFF et al. v. NAIK et al.
(351 SE2d 233)

BENHAM, Judge.

The appellants are the widow of Gilbert P. Woodruff and the administratrix of his estate. The appellees are a doctor and a nurse who were defendants in a medical malpractice case arising from the death of Woodruff. This appeal is from a judgment entered on a jury verdict for the defendants.

1. In appellants' first enumeration of error, they complain that a doctor called as an expert witness was permitted to give an opinion without being asked a hypothetical question. Assuming that the trial court erred in permitting the testimony (but see Division 5 of this opinion), we find it harmless in light of the fact that substantially similar evidence had been received without objection. *Jackson v. Rodriquez*, 173 Ga. App. 211 (6) (325 SE2d 857) (1984).

2. The second enumeration of error concerns a hypothetical question directed to the same expert witness. Appellants contend that the expert's testimony was inadmissible because the question was based on assumptions of fact for which no evidence had been admitted and on assumptions of fact contrary to the evidence. See *Hyles v. Cockrill*, 169 Ga. App. 132 (6) (312 SE2d 124) (1983). Appellee Naik, however, has directed our attention to portions of the transcript containing evidence covering the various assumptions of fact. While one of the assumptions does appear to be at odds with the evidence, that assumption concerned only the identity of the person who first contacted Dr. Naik, a preliminary matter not relevant to the issues of the case or to the answer to the question. We find no error in admitting the answer.

3. During direct examination of the same witness mentioned in the preceding divisions, appellees offered as exhibits two X-rays. They were admitted over the objection of appellants that they had not been properly authenticated. Since the witness had not been involved with or present at the taking of the X-rays, we must agree that the admission of the exhibits was error. *Williams v. Southern R. Co.*, 99 Ga. App. 503 (2) (109 SE2d 343) (1959).

"We do not find, however, that the error warrants reversal. It is axiomatic in Georgia appellate law that an appellant, to secure a reversal, must show not only error but harm. [Cit.]" *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 670 (278 SE2d 468) (1981). The X-rays involved in this case had already been shown to the jury and had been the subject of direct and cross-examination of another

witness before appellants interposed the objection to their admittance. Since the X-rays had already been before the jury, we hold that any harm appellants suffered occurred prior to their being admitted into evidence and that the admission of the X-rays did not "affect the substantial rights of the parties." OCGA § 9-11-61. Accordingly, we find the error harmless.

4. The final enumeration concerning the testimony of appellees' expert witness concerns the denial of a motion to strike his testimony. "In order to raise on appeal contentions concerning admissibility of evidence 'the specific ground of objection must be made *at the time the evidence is offered*, and a failure to do so will be considered as a waiver. . . .' [Cit.]" *Sutphin v. McDaniel*, 157 Ga. App. 732 (1) (278 SE2d 490) (1981). (Emphasis supplied.) Appellants' effort to have the testimony excluded came not only after the witness had finished his testimony and been excused, but after an overnight recess of the trial. Since the motion was untimely, the issue cannot now be raised.

5. Counsel for appellee Nurse Bailey asked an expert witness called by appellants whether, based on her knowledge of the deceased's medical chart and of the circumstances under which Bailey administered certain medicine to the deceased, Bailey's actions were a deviation from the care and skill normally employed by the nursing profession generally under the same or similar circumstances. The trial court's overruling of an objection that the question was not a proper hypothetical is enumerated as error.

In rejecting a similar argument, the Supreme Court held in *Prince v. State*, 252 Ga. 82 (5) (311 SE2d 433) (1984), as follows: "After an expert testifies as to his opinion, he may be examined as to the factors which he considered in formulating that opinion. We find no error here." Likewise, this court finds no error here.

6. Finally, appellants contend that a hypothetical question asked of another witness was based on assumed facts contrary to the facts in evidence. There was, however, evidence in the record from which the jury would have been authorized to find the facts on which the hypothetical was based. "The truth of the facts assumed by a hypothetical question is a question for the determination of the jury, and it must determine whether the basis upon which the hypothetical question rests has been established." *Shannon v. Kaylor*, 133 Ga. App. 514 (3) (211 SE2d 368) (1974). There was no error in allowing the question and answer.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 13, 1986 —
REHEARING DENIED DECEMBER 1, 1986 —

*Thomas E. Maddox, Jr., Mack Reynolds*, for appellants.
*C. Jerry Willis, John W. Denney*, for appellees.