## 46195. THOMPSON v. THE STATE.

(375 SE2d 219)

MARSHALL, Chief Justice.

Crawford Lee Thompson appeals his conviction of murder and theft by taking, for which he was sentenced to life and 10-years' imprisonment, respectively and concurrently.[1]

The victim was found lying in his bed, killed by a gunshot wound above his left ear, inflicted by the victim's .22 caliber rifle. The murder weapon — which was normally kept in the victim's living room (where Thompson had been watching television on the night of the homicide) — was later found concealed underneath a cot in the victim's home. Thompson — who testified that he stole money, a billfold and a truck from the victim— was arrested for drunken, reckless driving in the stolen truck in Tennessee en route to his mother's home. He testified that he had been in the victim's house on the day of the homicide, but that the victim was alive when Thompson left the victim's house with the victim's stolen truck and money around midnight. He appeared very nervous and shaking just before he left the victim's house. These proceedings were initially brought in juvenile court, then transferred to superior court. We affirm.

1. Thompson first contends that the trial court lacked personal jurisdiction because (1) in the juvenile court in the hearing on the petition to transfer the cases to superior court, the state allegedly presented no evidence that he was not amenable to treatment or rehabilitation, and (2) he allegedly was not represented by counsel at that crucial stage of the proceeding.

---

[1] The crimes were committed on April 24, 1982. Thompson was convicted of theft by taking on October 12, 1982, and of murder on January 14, 1983. He was sentenced on January 14, 1983. The transcript of evidence was filed on July 25, 1983. An order allowing an out-of-time appeal was filed on August 10, 1988. Notice of appeal was filed on August 19, 1988. The case was docketed in this Court on September 8, 1988, and argued orally on November 21, 1988.

Contrary to the appellant's assertion, the supplemental record shows that he was appointed counsel the day after his arrest, almost one month before the transfer petition was even filed, which counsel represented him throughout both the transfer proceedings and the trial of both cases. The juvenile court's transferral order reflects that its ruling followed "hearing evidence and after argument of counsel," and that the transfer was supported by probable cause and was in the interests of the juvenile and the community. Furthermore, the present objection to the transferral order has been waived by counsel's: failure to object timely to the transfer, of which he had notice (instead, waiting five years from the entry of the transfer order); entry of a not-guilty plea upon the murder charge (while filing a plea in bar as to the transfer of the theft charge); and failure to reconstruct a record of the transferral proceedings in accordance with OCGA § 5-6-41 (while relying on an alleged transcription of the audible portions of a tape recording of the proceedings, which purport to be included, but are not found in, the supplemental transcript). OCGA § 17-7-111; *Jones v. Mills*, 216 Ga. 616, 618 (2) (118 SE2d 484) (1961).

2. Thompson next contends that the trial court erred in admitting in evidence his two in-custody statements. The transcript being silent as to any objection to admissibility at the trial, a complaint of admissibility will not be heard for the first time in this Court. *Mallory v. State*, 230 Ga. 657 (2) (198 SE2d 677) (1973). Moreover, the court conducted a *Jackson-Denno* hearing, which produced evidence which, although conflicting, authorized the finding that, considering the nine factors enumerated in *Marshall v. State*, 248 Ga. 227 (3) (282 SE2d 301) (1981), the statements were made knowingly, intelligently, and voluntarily.

3. The appellant contends that the trial court erred in admitting in evidence the death certificate, on the ground that it expressed an opinion that the death was caused by homicide, citing *King v. State*, 151 Ga. App. 762, 763 (261 SE2d 485) (1979). However, it was undisputed in this case that a homicide had occurred, and the word "homicide" was nothing more than an indication of the immediate agency of death. *Dunn v. State*, 251 Ga. 731 (2) (309 SE2d 370) (1983).

4. It was not error to give the defendant's requests to charge number 20, on the presumption of innocence, and number 21, on reasonable doubt and the difference in the burden of proof between a civil and a criminal case, where the substance of these charges was given in different language. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

5. It was not error to fail to give the appellant's request to charge number 31, which he characterizes as one on alibi:

I charge you that the defendant in this case has introduced

testimony attempting to show that he did not participate and was not present at the time and the place of the alleged crime for which he is on trial. If, after considering all the testimony in this case you have a reasonable doubt that the defendant was present at the time the alleged crime was committed, he is entitled to an acquittal. *Cochran v. State,* 113 Ga. 726 (39 SE 332).

The evidence concerning the time of death and the appellant's whereabouts (the latter consisting of the appellant's extremely vague testimony) was approximate and does not reasonably exclude the possibility of the presence of the appellant at the scene of the homicide. *Copeland v. State,* 241 Ga. 370 (1) (245 SE2d 642) (1978). The request was couched as much in terms of reasonable doubt as alibi, and the jury was charged as to reasonable doubt.

6. Finally, Thompson contends that the trial court erred in failing to charge his request number 37, that "the law presumes the defendant's character to be good until the contrary is proven by credible evidence." Even assuming that this is a correct statement of the law and that the testimony of the appellant's two witnesses as to their personal opinion, rather than his reputation in the community, was sufficient to raise the issue of his good character (see, e.g., *Taylor v. State,* 176 Ga. App. 567, 570 (3) (336 SE2d 832) (1985)), the trial court gave a charge which was a restatement of that approved in *Morrow v. State,* 166 Ga. App. 883, 885 (3) (305 SE2d 626) (1983).

7. We find that the evidence here is sufficient to meet the requirements of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1989 —
RECONSIDERATION DENIED FEBRUARY 1, 1989.

*Gleason & Davis, John W. Davis, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David Dunn, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.