## A90A0624. RILEY v. THE STATE.
### (395 SE2d 394)

COOPER, Judge.

A jury trial of appellant and co-defendants Melissa Riley and Vita Green resulted in the conviction of appellant for possession of cocaine with the intent to distribute and the conviction of Vita Green for possession of cocaine; Melissa Riley was acquitted. Appellant appeals the trial court's denial of her motion for new trial.

The record reveals that while visiting her father and step-mother at the county jail, appellant gave the jailer a box of toothpaste which contained eleven tinfoil packets of cocaine and asked that it be delivered to her father's cellmate, Anthony Laday. When the contraband was discovered, a lookout was placed for the vehicle appellant had been driving. Deputies stopped the car and arrested appellant and the co-defendants. The car was searched and a small quantity of cocaine was found in the trunk. Appellant testified that she knew nothing

about the cocaine in the toothpaste or in the trunk of the car and that Sharon Wilson of Alma, Georgia, gave her the toothpaste to deliver to Wilson's boyfriend, Laday. Wilson could not be located and as a consequence did not testify during the trial. Laday testified that he was married to a woman in Waycross; that he had never been to Alma; and that he did not know Wilson.

1. Appellant contends the trial court erred in allowing the State to present evidence of a similar transaction involving co-defendant Melissa Riley. At the time the prosecution sought admission of the evidence, counsel, representing appellant and two co-defendants, objected on the grounds that the similar act occurred subsequent to the offense for which co-defendant Riley was on trial and that it was an offense of which she had not been convicted. On appeal, appellant argues that the evidence constituted an improper attempt by the State to prove guilt by association. However, " '[t]he trial court was not asked to rule on [this] ground and thus there is nothing to review. "It is well established that appellate courts may not consider objections to evidence not raised at trial." (Cit.)' [Cits.]" *Cooper v. State*, 188 Ga. App. 297 (1) (372 SE2d 679) (1988). Accordingly, this contention will not be discussed here for the first time.

Appellant's contention that the evidence was inadmissible because the similar act occurred five months after the incident at issue is also without merit. "Evidence of other criminal acts of a defendant is generally inadmissible because it tends to place a defendant's character in evidence in violation of OCGA § 24-9-20. [Cit.] However, evidence of an independent crime is admissible if (1) the defendant was in fact one of the perpetrators, and (2) there is sufficient similarity or connection between the independent crime and the offense charged so that proof of the independent crimes tends to prove the offense charged. [Cit.] Once identity of the perpetrator is shown, the 'other crime' becomes admissible for the purposes of showing identity, motive, plan, scheme, bent of mind, modus operandi, and course of conduct. [Cits.] And, this rule is not changed where the 'other offense' is subsequent to the offense charged. [Cit.]" *Flowers v. State*, 191 Ga. App. 396 (2) (381 SE2d 768) (1989). The State introduced evidence that on another visit to the jail to visit her father and step-mother, Melissa Riley brought in clothes which contained a packet of cocaine. The similarities between the two acts are striking and inescapable. In addition, a five-month lapse of time does not render the evidence inadmissible. See *Luckey v. State*, 185 Ga. App. 262 (3) (363 SE2d 791) (1987). "The trial court is granted a wide discretion in the admission of evidence and an appellate court should not reverse his finding unless he has abused that discretion. [Cit.] We have found no abuse of discretion. [Cit.]" *Flowers*, supra.

2. Appellant also enumerates the general grounds. After a thor-

ough review of the evidence produced at trial, we find that a rational trier of fact could reasonably have found appellant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKinney v. State*, 192 Ga. App. 6 (1) (383 SE2d 608) (1989).

Judgment affirmed. *Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990.

*James A. Yancey, Jr.,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.