## A90A1148. MABLE v. THE STATE.

(399 SE2d 509)

McMurray, Presiding Judge.

Walter Mable was convicted of armed robbery, and he appeals. *Held*:

1. Appellant's first enumeration of error raises the sufficiency of the evidence. The cashier at a convenience store was robbed at knife point. An hour and a half later, and again at trial, the cashier identified appellant as the perpetrator of the armed robbery. Another witness, a customer of the store who arrived as the appellant was leaving, recognized appellant as a former resident of this witness' former neighborhood and pointed him out from a photographic lineup and at trial.

After a thorough review of the evidence at trial, we find that a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Riley v. State*, 196 Ga. App. 148 (395 SE2d 394).

2. Appellant contends the trial court erred in failing to strike testimony by Detective-Sergeant E. C. Mansfield of the Americus Police Department regarding answers appellant gave while in custody to questions Mansfield asked after appellant had invoked his right to counsel. When appellant was apprehended, he had $612 cash in his possession. Mansfield testified that after appellant stated he did not have anything to say and requested a lawyer, the following conversation ensued:

"Mansfield: Is this your money?

Appellant: Yes, that is my money.

Mansfield: How much money is it?

Appellant: It is about two hundred and something dollars, isn't it?

Mansfield: Where did you get this kind of money from?

Appellant: I have been working.

Mansfield: Can you tell me where you work at?

Appellant: Well, I don't have anything else to say about it."

Mansfield testified that other than telling appellant the money totalled $612, there was no further discussion. This testimony was followed by a question posed by the prosecutor regarding the officer's knowledge of appellant's ability to earn money prior to the robbery. Appellant's counsel objected to that question, then moved the court to strike all of Mansfield's testimony set forth above on the basis that it occurred after appellant invoked his right to counsel and requested the trial court to instruct the jury to disregard that testimony. The trial court overruled the motion.

A primary purpose of a motion to strike evidence is to excise evi-

dence which was admissible when offered but which later appears to be inadmissible. See *Annis v. Tomberlin & Shelnutt Assoc.*, 195 Ga. App. 27, 33 (6), 34 (392 SE2d 717). However, in the light of our general requirement that it is necessary to object to evidence at the time it is actually offered in order to avoid waiver of the objection, a motion to strike evidence may not be used to excise evidence where a movant who had an opportunity to do so fails to object contemporaneously with the admission of the evidence. *Guthrie v. Bank South, Douglas*, 195 Ga. App. 123, 125 (4), 126 (393 SE2d 60); *Clayton County Water Authority v. Harbin*, 192 Ga. App. 257, 258 (4) (384 SE2d 453); *Woodruff v. Naik*, 181 Ga. App. 70, 71 (4) (351 SE2d 233). In the case sub judice, when the testimony which was the subject of appellant's motion to strike was offered, it had previously been shown to be the product of an uncontroverted violation of appellant's right to counsel and as such was clearly inadmissible at the time it was offered. Thus, the issue of admissibility of the evidence at issue in the case sub judice was not the proper subject of a motion to strike evidence, but could have been raised only by a timely objection.

Nor can appellant's motion to strike testimony be viewed as a timely objection. The witness was allowed to relate a lengthy conversation with appellant and the motion was thereafter stated only after the prosecutor moved on to another line of questions. *Bennett v. State*, 165 Ga. App. 600, 601 (3) (302 SE2d 367).

The State is correct in its contention that the appellant's failure to object in a timely fashion constituted a waiver of any error. *Thompson v. State*, 258 Ga. 816, 817 (2) (375 SE2d 219); *Nixon v. State*, 255 Ga. 656, 658 (2a) (340 SE2d 7).

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong and Pope, JJ., concur. Beasley, J., concurs specially. Carley, C. J., Sognier and Cooper, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I agree. With respect to Division 2, the reason for what appears to be a harsh rule is that it is realistically nearly impossible, as a practical if not a legal matter, to erase evidence from jurors' minds. Excluding it is the only sure way to avert its influence on the jury's decision.

Procedural law provides two devices for doing so. The most commonly used device is a timely objection. The second is a motion in limine, an even more cautious device. Allowing a motion to strike after the harm has occurred, when a timely and valid objection could have been made, is not satisfactory nor necessary as a third device.

There was adequate opportunity in this case to raise the objection. Defendant had insisted that the State prove whether or not defendant was advised of his *Miranda* rights before the officer testified

about any conversation they had regarding the money taken from defendant when he was arrested. After that was accomplished, the State asked the detective what happened, and, as the majority states, no objection was made when he related the conversation. In fact, no objection was made to it at any time until after another subject had been introduced and objection by way of the motion to strike the testimony was made.

If this device were permitted in such circumstances, it would require more frequent use of the legal fiction that jurors can and do completely erase from their conscious and subconscious minds evidence, damaging to the movant, which they have already heard or seen.

SOGNIER, Judge, dissenting.

I respectfully dissent. The illegal nature of Detective-Sergeant Mansfield's testimony, as recited in the majority opinion, is not in issue here since even the State has admitted that the introduction of the challenged testimony was error of constitutional dimension. The issue here, rather, is whether appellant's motion to strike Mansfield's testimony constituted a proper method of objecting to this illegal evidence. The majority holds that appellant's motion to strike was not proper, concluding that when a defendant fails to object to challenged evidence at the moment it is introduced, the defendant has waived all objections and cannot subsequently utilize a motion to strike the illegal evidence to preserve those objections.

I disagree with the majority because its conclusion is contrary to the controlling authority of Supreme Court opinions and because the majority neither distinguishes nor overrules opinions of this court, which reach the opposite conclusion. In *Blount v. Beall*, 95 Ga. 182 (4) (22 SE 52) (1894), the Supreme Court held that "[a]lthough testimony may have been admitted without objection, it is the privilege of the party against whom such evidence bears to afterwards move to rule it out for irrelevancy." In *Graham v. Clark*, 114 Ga. App. 825, 828-829 (152 SE2d 789) (1966), the appellee made the same argument now endorsed by the majority that the appellant therein had failed to preserve his objection to testimony when he made a motion to strike after the witness had been excused, because the "general rule" is that an objection is waived when the party fails to object during the examination of a witness. Id. at 828. This court rejected that argument and held that "by allowing evidence to be introduced without objection, a party does not lose the right to move to have the evidence excluded at any time before the case goes to the jury. [Cits.] 'A motion to rule out testimony illegally admitted even without objection is never too late until the cause i[s] finally submitted to the jury. If the testimony is illegal, it should not be considered by the jury, and if it is not to be

considered by the jury, it should not be admitted for their considera-
tion.' [Cit.]" Id. at 828-829. For other cases applying this principle,
see *McCalman v. State*, 121 Ga. 491, 496-497 (5) (49 SE 609) (1904);
*Patton v. Bank of LaFayette*, 124 Ga. 965, 974 (53 SE 664) (1905);
*Smith v. State*, 123 Ga. App. 269, 271 (1) (b) (180 SE2d 556) (1971).
For cases acknowledging this principle but distinguishing it on other
grounds, see *Fluker v. State*, 184 Ga. 809 (4) (193 SE 749) (1937);
*Rushin v. State*, 63 Ga. App. 646, 647 (1) (11 SE2d 844) (1940); *Har-
rison v. State*, 83 Ga. App. 367, 368 (64 SE2d 83) (1951); *Mark Inn v.
Dept. of Transp.*, 174 Ga. App. 420, 421 (1) (330 SE2d 134) (1985).

Our courts have long acknowledged that when illegal evidence is
admitted without objection but is subsequently ruled out on a de-
fendant's motion to strike, any error in the introduction of that evi-
dence is cured. E.g., *Christian v. State*, 86 Ga. 430, 431 (3) (12 SE
645) (1890). Since any error in admitting Mansfield's testimony would
have been cured had the trial court granted appellant's motion to
strike (the method appellant chose to challenge that evidence), I can-
not agree with Judge Beasley's special concurrence that this court can
justify the denial of that motion merely because it may not have been
the most effective way to offset the prejudicial effect on the jury of
the admission of that evidence.

I am authorized to state that Chief Judge Carley and Judge
Cooper join in this dissent.

DECIDED NOVEMBER 6, 1990 —
REHEARING DENIED NOVEMBER 28, 1990 — 

*Mark. G. Pitts*, for appellant.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant
District Attorney*, for appellee.