S91G0400. MABLE v. THE STATE.
(405 SE2d 48)

BELL, Justice.

We granted a writ of certiorari to review the second division of the opinion of the Court of Appeals in Mable v. State, 197 Ga. App. 751 (2) (399 SE2d 509) (1990). At trial a police officer testified for the prosecution about a custodial statement Mable had made to the officer, and during the testimony the existence of a Miranda violation became apparent. Defense counsel failed to object to the testimony as soon as the violation became apparent, but shortly thereafter moved to strike the testimony. The trial court overruled the objection. The Court of Appeals upheld the trial court's ruling, holding that defense counsel's failure to object at the first opportunity precluded his subse-

---

quent motion to strike. We granted certiorari to review this holding. We now reverse the holding, and hold that the trial court should have granted the motion to strike. However, we also find the error was harmless, and therefore affirm the judgment of the Court of Appeals.

1. The pertinent facts were described by the Court of Appeals as follow:

> Appellant contends the trial court erred in failing to strike testimony by Detective-Sergeant E. C. Mansfield of the Americus Police Department regarding answers appellant gave while in custody to questions Mansfield asked after appellant had invoked his right to counsel. When appellant was apprehended, he had $612 cash in his possession. Mansfield testified that after appellant stated he did not have anything to say and requested a lawyer, the following conversation ensued:

> "Mansfield: Is this your money?
> Appellant: Yes, that is my money.
> Mansfield: How much money is it?
> Appellant: It is about two hundred and something dollars, isn't it?
> Mansfield: Where did you get this kind of money from?
> Appellant: I have been working.
> Mansfield: Can you tell me where you work at?
> Appellant: Well, I don't have anything else to say about it."

> Mansfield testified that other than telling appellant the money totalled $612, there was no further discussion. This testimony was followed by a question posed by the prosecutor regarding the officer's knowledge of appellant's ability to earn money prior to the robbery. Appellant's counsel objected to that question, then moved the court to strike all of Mansfield's testimony set forth above on the basis that it occurred after appellant invoked his right to counsel and requested the trial court to instruct the jury to disregard that testimony. The trial court overruled the motion. [*Mable,* supra, 197 Ga. App. at 751.]

The Court of Appeals affirmed this ruling, holding that "a motion to strike evidence may not be used to excise evidence where a movant who had an opportunity to do so fails to object contemporaneously with the admission of the evidence. [Cits.]" Id. at 752. Three judges dissented to this holding. Judge Sognier, writing for the three, contended that a party may move to strike illegal evidence at any time

before the case goes to the jury, even where the party fails to object when the evidence is adduced. *Mable*, supra, 197 Ga. App. at 753-754 (dissent of Sognier, J.). Judge Sognier concluded that since Detective-Sergeant Mansfield's testimony constituted illegal evidence, the failure of defense counsel to object to it as soon as it was given did not bar his subsequent motion to strike. Id.

After reviewing the relevant authorities, see, e.g., *Blount v. Beall*, 95 Ga. 182 (4) (22 SE 52) (1894); *Patton v. Bank of Lafayette*, 124 Ga. 965 (7) (53 SE 664) (1905), we are compelled to agree with the *Mable* dissenters. There is a distinction between "illegal" evidence and "secondary" evidence. "A motion to rule out testimony *illegally* admitted even without objection is never too late until the cause is finally submitted to the jury." *Blount v. Beall*, supra, 95 Ga. at 189. (Emphasis supplied.) However,

a distinction is to be drawn between *illegal* testimony and *secondary evidence or other evidence* which is legal in itself because it is of probative value but is inadmissible until the proper foundation for its reception has been laid. . . . *Evidence of a secondary nature*, the only objection to which is that it was received without the preliminary foundation for its introduction being first laid, stands upon an altogether different footing; and if admitted without objection, it is to be treated as altogether competent, and the court may properly instruct the jury as to its relevancy and legal weight and effect. [Emphasis supplied.] [*Patton v. Bank of Lafayette*, supra, 124 Ga. at 974.]

In the present case, "[t]he illegal nature of Detective-Sergeant Mansfield's testimony . . . is not in issue . . . since even the State has admitted that the introduction of the challenged testimony was error of constitutional dimension." *Mable*, supra, 197 Ga. App. at 753 (dissent of Sognier, J.). Accordingly, the defendant was entitled either to object to it contemporaneously or to move to strike it at any time before the case was submitted to the jury. The trial court and the Court of Appeals erred in holding otherwise.

2. Although the trial court erred in failing to strike the testimony, this error does not require reversal of the judgment, as the other evidence of guilt was so overwhelming that the error was harmless beyond a reasonable doubt. *Tankersley v. State*, 261 Ga. 318 (2b) (404 SE2d 564) (1991). Accordingly, we find the Court of Appeals reached the correct result in affirming the judgment of conviction.

*Judgment affirmed. All the Justices concur, except Weltner and Hunt, JJ., who dissent as to Division 1 but not the judgment.*

DECIDED JUNE 27, 1991.

Mark G. Pitts, for appellant.
John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney, for appellee.