## A98A1022. HARRELL v. THE STATE.
(505 SE2d 68)

SMITH, Judge.
Billy Ray Harrell was found guilty by a jury of burglary. He appeals from the judgment of conviction and sentence entered thereon, contending in his sole enumeration of error that the trial court erred in requiring the jury to continue its deliberations after

announcing a verdict. Because we find that the jury's original published verdict was invalid, we find no error in the trial court's instructing the jury to continue its deliberations. Finding no error, we affirm.

The trial transcript shows that after the jury informed the court it had reached a verdict, the jury was brought into the courtroom and the foreman confirmed that a verdict had been reached. Before publishing the verdict, the court gave the jury some general instructions about their duties after this case was concluded. The verdict was then announced as not guilty. As the court was bidding the jurors goodbye, the following transpired: "JURY FOREMAN: Your Honor? THE COURT: Yes, sir. JURY FOREMAN: You're not going to ask us for a vote? THE COURT: If it was a unanimous vote. JURY FOREMAN: Well, it wasn't. JURY MEMBER: It was not unanimous. THE COURT: It was not unanimous? JURY MEMBER: Eleven to one. THE COURT: Well, we do not have a verdict then. The verdict has to be — JURY MEMBER: We were told it had to be unanimous. THE COURT: The verdict has to be unanimous, yes. JURY FOREMAN: It wasn't. THE COURT: You do not have a unanimous verdict? JURY MEMBER: No, we don't. It was eleven to one. THE COURT: Okay. Well, y'all will need to recommence your deliberations, then. JURY FOREMAN: So it has to be unanimous one way or the other, Your Honor? THE COURT: For there to be a verdict. JURY FOREMAN: One way or the other. THE COURT: That's right. One way or the other, there has to be a verdict — a unanimous decision by the jury in order for there to be a binding verdict."

The Court then instructed the jury to continue deliberating until a verdict was reached. A short time thereafter, the jury again indicated that a verdict had been reached. When this verdict was published, it was a guilty verdict. The court polled the jury as a whole as to whether that was their verdict, and noted that all 12 jurors nodded affirmatively. The prosecutor, the clerk, and defense counsel all agreed.

Harrell contends the trial court erred in requiring the jury to deliberate further after announcing its first verdict because the verdict was in proper form, had been published, and neither party had requested that the jury be polled. We note that the record does not show that Harrell raised any objection below to the trial court's procedure. But even assuming he has preserved this issue for review, we find no error.

Georgia permits a criminal defendant to waive the right to a unanimous verdict. *Copeland v. State*, 241 Ga. 370, 371 (4) (245 SE2d 642) (1978). But Harrell did not do so. A unanimous verdict was therefore necessary, and upon revelation that the jury's original verdict was less than unanimous, the trial court correctly concluded that

the jury's work was incomplete. In *Jackson v. State*, 177 Ga. App. 863 (341 SE2d 324) (1986), this Court held that under remarkably similar factual circumstances, the trial court had not erred in acting in similar fashion.

Contrary to Harrell's contention, for which he cites no pertinent authority, requiring the jury to deliberate until it reached a unanimous verdict in this case did not constitute double jeopardy. We find no error.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 30, 1998.

*M. E. Thompson, Jr.,* for appellant.
*J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellee.